Pamela Faye (Hurst) HENSON, Plaintiff-Appellant,

v.

F. W. WOOLWORTH'S COMPANY, Defendant-Appellee.

Court of Appeals of Tennessee, Western Section.

Oct. 4, 1974.

Certiorari Denied by Supreme Court May 12, 1975.

Jerry D. Kizer, Jr., Jackson, for plaintiff-appellant.

Robert J. Holt, Jr., Jackson, for defendant-appellee.

CARNEY, Presiding Judge.

Plaintiff Pamela Hurst, age 22, along with two companions, was shopping the store of the defendant in Jackson, Tennessee, about noon on December 23, 1971, when the plaintiff slipped and was injured on a soapylike substance in one of the aisles of the toy department. The jury returned a verdict of $20,000 for the plaintiff which the Trial Judge set aside upon a motion for a new trial. He then granted a directed verdict in favor of the defendant. Plaintiff has appealed and assigned error.

The metal baskets or bins in the toy department in which were displayed the many bottles of soap bubbles were about one foot above the floor. A person or persons unknown had taken one of the bottles of soap bubbles from the wire bin display case, opened the same, and spilled the sticky, slicky substance on the floor of the aisle. Plaintiff slipped and fell in the slicky substance which was in an area of the floor "the size of a towel."

Immediately after plaintiff's fall, Mr. John Veal, manager of defendant's store, came to the scene of the fall and found the plaintiff lying on the floor in the soapy substance. He also found, on the floor near her, an opened bottle of the soap bubble solution. The cap of the bottle was nearby. Plaintiff's clothes were saturated and soaked with the sticky substance.

The plaintiff had not been down the aisle where she fell prior to the time of her fall. There was no proof to indicate just who might have opened the bottle of solution and spilled it on the floor and left the bottle lying beside the solution. It seems to this Court more probable that some child did. However, there is no proof in the record as to what child or when the bottle was placed upon the floor. One of plaintiff's companions testified that when he went to plaintiff's side after the fall, he saw foot prints in the solution indicating that adults had walked through the soap bottle substance prior to the time the plaintiff fell therein.

Mr. Veal, the defendant's manager, testified that while inspecting the toy department he had passed the scene of plaintiff's fall only a couple of minutes before the fall and even though he was looking at all the aisles and looked at the aisle where the soap bubbles were displayed, he saw neither the soap bubble solution nor the bottle on the floor.

Miss Sherry Jean Tate, the front store supervisor for defendant, testified that she passed by the scene of the plaintiff's fall just a few seconds before the fall but she did not look at the floor and did not see the solution. She admitted that it was her duty to watch floors, particularly at Christmastime.

Miss Hazel Barker, personnel supervisor, had been in the toy department about ten minutes prior to the plaintiff's fall and did not see anything on the floor where the plaintiff fell.

The plaintiff-appellant quite readily concedes on this appeal that there is no proof that the defendant's employees had actual knowledge of the solution on the floor. Plaintiff contends that the defendant's store manager, John Veal, and/or front supervisor, Miss Sherry Jean Tate, should have seen the slippery substance on the floor and were guilty of proximate negligence in failing to discover said substance and warn the plaintiff of the danger.

Defendant's employee, Mrs. Inez Hinson, a saleslady in the toy department on the day in question and still employed by defendant, testified that she came to work at 9:30 A.M. and remained on duty until shortly after 1:00 P.M. when her replacement, Miss Patricia Carver, reported. Mrs. Hinson checked out at 1:08 on her time card.

Miss Patricia Carver, who no longer works for defendant, testified that she worked at defendant's store as part-time Christmas help while a senior in High School in Jackson, Tennessee. Miss Carver said she worked from 1:00 P.M. until 10:00 P.M. and reported to the toy department at 1:00 P.M. She replaced Mrs. Hinson who left immediately when Miss Carver appeared. When Miss Carver relieved Mrs. Hinson, there were no customers in the toy department. Plaintiff and two of her companions approached Miss Carver and asked to see some "Tonka toys." Miss Carver directed them to the Tonka toys but plaintiff and Mr. Foged walked down the other side of the counter from the toys and plaintiff slipped and fell on the soapy substance. Miss Carver heard the fall, went around the counter, saw plaintiff on the floor and immediately called the manager, Mr. Veal.

■ The general rule is that the owner of a retail store is not responsible for injury to a customer who slips and falls upon an obstruction or slippery substance on the floor unless it is shown that the proprietor or his employees had actual or constructive notice of the existence of such obstruction or substance and failed to use due care to prevent injury to the plaintiff customer. *Patterson v. Kroger,* 54 Tenn.App. 243, 389 S.W.2d 283; *Bell v. F. W. Woolworth,* 44 Tenn.App. 587, 316 S.W.2d 34.

Appellee cites and relies upon the case of *Busler v. Cut Rate Super Market No. 1,* 47 Tenn.App. 21, 334 S.W.2d 738 (1960). In that case plaintiff slipped on a broken glass of pineapple preserves on the floor of defendant's store. There was no proof as to how long the preserves had been on the floor nor who broke the glass. Plaintiff relied upon the testimony of another customer who saw the preserves five minutes before the plaintiff slipped and fell. This Court, through Judge Peabody Howard, held that five minutes duration did not establish constructive notice to defendant's employees of the existence of the preserves. Judgment for plaintiff was reversed.

■ In our opinion the *Busler* case is not controlling of the case at bar. In the case at bar there was proof that defendant's manager had walked along the aisle where plaintiff slipped, looked for and failed to see any bubble solution or other substances only two minutes before plaintiff Miss Hurst fell. Another employee, Sherry Jean Tate, front store supervisor for defendant, passed the scene of plaintiff's fall just a few seconds before plaintiff's fall but did not look at the floor though it was part of her duty as an employee, particularly at Christmastime, to watch the floors for obstructions and remove the same to prevent injury to customers. There was proof from which the jury could reasonably find that the bubble solution was spilled on the floor before Manager Veal and Supervisor Tate walked down the aisle and they negligently failed to see such solution which they could and would have seen had they been attentive. The jury could also find that plaintiff's injuries were the direct and proximate result of the failure of defendant's two employees to see the slippery substance on the floor and warn plaintiff of the danger.

The assignment of error is sustained. The judgment of the lower Court directing a verdict for the defendant is reversed.

When the Trial Judge sustained appellee F. W. Woolworth's motion for a new trial and granted appellee a directed verdict, impliedly he sustained grounds 3, 4, and 5 of the motion for a new trial which collectively averred that there was no material evidence to support the verdict of the jury. He did not make conditional rulings on the other grounds of the motion for a new trial as contemplated by Tennessee Rules of Civil Procedure 50.03.

Since we have reversed the order of the Trial Judge granting a direct verdict and have held that there was sufficient evidence to support the verdict of the jury, it is proper and necessary that the Trial Judge rule on the other grounds of the motion for a new trial and to determine whether or not he will approve the verdict of the jury in light of this opinion. Therefore, under the authority of Tennessee Rules of Civil Procedure 50.03 and 50.04 the cause is remanded to the Circuit Court of Madison County, Tennessee, for judgment of the Trial Judge on all of the grounds of defendant's motion for a new trial except grounds 3, 4, and 5. If a new trial is granted, the cause will then be placed upon the docket for a second trial. If defendant's motion for a new trial is overruled and the verdict of the jury approved and/or additur awarded, the defendant shall have the right to appeal in error from the rulings by the Trial Judge. If the motion for a new trial is overruled but the verdict reduced by remittitur, the plaintiff shall have the right to appeal and assign error to the action of the Court in suggesting the remittitur.

The transcript of the record including the Bill of Exceptions will be remanded to the Circuit Court of Madison County, Tennessee, for use by the Trial Judge in the consideration of the motion for a new trial and for use of the parties if needed upon a retrial of the cause. Upon an appeal by either party, the record will be refiled in this Court and when the cause below is terminated, the record, if not previously returned to this court, will be returned by the Clerk of the Circuit Court of Madison County for permanent filing in this Court.

The costs in the Court below on the first trial and in this Court are taxed to the appellee. The costs accruing subsequent to the remand will abide the action of the Trial Judge.

MATHERNE and NEARN, JJ., concur.