**William and Ruth WORSHAM,**
**Plaintiffs-Appellants,**

v.

**PILOT OIL CORPORATION,**
**Defendant-Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

January 16, 1987.

Permission to Appeal Denied by
Supreme Court April 6, 1987.

Jess D. Campbell, Knoxville, for plaintiffs-appellants.

Douglas L. Dutton and Julia S. Howard, Hodges, Doughty & Carson, Knoxville, for defendant-appellee.

## OPINION

FRANKS, Judge.

In this slip and fall action to recover damages for personal injuries sustained by the plaintiff, the trial court directed a verdict for the defendant at the close of plaintiff's proof. Plaintiff has appealed, insisting that since he fell inside of a self-service store on ice and water in the vicinity of a vending machine, he should not be required to establish the proprietor had either actual or constructive notice of the existence of ice and water on the floor in order to avoid a directed verdict on the issue of defendant's negligence.

The general rule in this jurisdiction was expressed in *Jones v. Zayre, Inc.*, 600 S.W.2d 730 (Tenn.App.1980), where the court observed:

> If liability is to be predicated on constructive knowledge by the Defendant, the proof must show the dangerous or defective condition existed for such length of time that the Defendant knew, or in the exercise of ordinary care should have known, of its existence. *Allison v. Blount National Bank*, 54 Tenn.App. 359, 390 S.W.2d 716 (1965). 600 S.W.2d., at 732.

Plaintiff, in effect, urges us to eliminate plaintiff's burden of proving notice by arguing it is reasonably foreseeable that ice would be spilled from the self-service vending machines and, therefore, it may be reasonably concluded that the risk of invitees slipping on the ice is a risk within the reasonable foresight of the owner. Cases from other jurisdictions tending to support this theory are collated in Annot., 85 A.L. R.3d 1000, *Slip and Fall—Notice.*

■ Our Supreme Court has recently reaffirmed the notice or constructive notice requirement in slip and fall cases. *Simmons v. Sears, Roebuck & Co.*, 713 S.W.2d 640 (Tenn.1986). We believe, however, that the requirements of constructive notice may be met where a dangerous condition inside a self-service business is not an isolated one but is reasonably foreseeable to the owner because the condition is established by a pattern of conduct, a recurring incident, or a general or continuing condition and an invitee suffers injuries as a result of the condition. The evidence in this case, however, does not meet this requirement.

■ On May 28, 1984, plaintiff had gone inside defendant's store, located on Sevier Avenue in Knoxville, to purchase milk and cigarettes. As he made his way toward the checkout counter, he stepped around two

men standing at a drink dispensing machine and fell. While he did not see what caused him to fall, he testified he knew it was ice because he felt it crunch under his foot. Following the fall, plaintiff stated the left, rear side of his trousers was wet and there was ice on the floor. At the checkout counter he advised one of the two store employees manning cash registers that he had fallen on ice and water at the rear of the store. The cashier checked the area where plaintiff said he had fallen and found no ice on the floor but did find what she described as two teaspoons of ice on the rug surrounding the drink dispensing machine. Plaintiff testified he did not know how the ice came to be on the floor or how long it had been there before he fell. There is no evidence that any of defendant's employees knew the ice was on the floor. Plaintiff testified that he was a regular customer of the store and had never seen anything spilled on the floor before and added, "they always kept it pretty nice around in the store." An employee of the store testified that she had never seen any liquid or ice spilled on the floor in the self-service area and that the area is inspected by the clerks in the store two or three times per hour, and as a further precaution there is a metal grille or grid under the ice and Coke machines to catch anything that falls or spills.

Considering the evidence in the most favorable light to the plaintiff, we believe reasonable persons would not differ on the issue of whether the proprietor took reasonable precautions to protect its customers from dangers which were foreseeable from the arrangement or use of the property and affirm the judgment of the trial court.

The costs incurred on appeal are assessed to appellant and the cause remanded.

SANDERS and GODDARD, JJ., concur.