Leonard O. SELF, Plaintiff-Appellant,

v.

WAL-MART STORES, INC.,
Defendant-Appellee.

No. 88-6210.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 1, 1989.

Decided Sept. 20, 1989.

Rehearing Denied Nov. 1, 1989.

David L. Comer (argued), Lawrenceburg, Tenn., David L. Allen, Lebanon, Tenn., for plaintiff-appellant.

Robert E. Parker, Rose P. Cantrell, George A. Dean (argued), Speight & Parker, Nashville, Tenn., for defendant-appellee.

Before WELLFORD and NELSON, Circuit Judges, and TAYLOR, District Judge.*

* The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michi- gan, sitting by designation.

DAVID A. NELSON, Circuit Judge.

This is an appeal from a summary judgment for the defendant in a slip-and-fall case governed by Tennessee law. The plaintiff's accident was caused by what the Tennessee courts sometimes refer to as "a transitory, temporary or unusual ... accumulation of foreign substances"—in this instance, dog food pellets that had been spilled on the floor of a self-service department store operated by the defendant.

It is undisputed that the plaintiff could not show (a) whether the defendant had created the hazardous condition, (b) whether the defendant knew of the hazardous condition before the accident, or (c) whether the hazardous condition had existed for such a length of time that the defendant would have known of it if ordinary care had been exercised. The question presented on appeal is whether the district court erred in holding that the defendant was entitled to judgment as a matter of law. Finding no error in the district court's interpretation and application of Tennessee law, we shall affirm the grant of summary judgment.

I

On August 13, 1986, plaintiff Leonard O. Self went shopping with his wife in a Wal-Mart store in Lawrenceburg, Tennessee. While walking down one of the aisles in the store, Mr. Self slipped and fell on a foreign substance that proved to be loose dog food pellets. Immediately adjacent to the area in question was a display of bags of "Ol' Roy" brand dry dog food. One of the bags was ripped open.

In July of 1987 Mr. Self brought a personal injury action against defendant Wal-Mart Stores, Inc., in the Lawrence County, Tennessee Circuit Court. Wal-Mart removed the case to federal district court on the basis of diversity of citizenship.

In July of 1988—almost a full year after the action had been initiated—Wal-Mart moved for summary judgment on the grounds that the plaintiff had no proof that any Wal-Mart employee knew or ought to have known of the spilled dog food pellets. The motion was based on the pleadings and on deposition testimony given by Mr. and Mrs. Self.

The plaintiff's complaint alleged "[t]hat after Plaintiff's fall, he became aware of a pallet containing bags of dry dog food sitting nearby, with one or more of the bags of dog food being torn open, and particles of dry dog food spread about the floor." The complaint did not allege that it was a Wal-Mart employee who had torn open the bag or bags of dog food—and in deposition testimony filed with court, Mr. Self acknowledged that he had no idea how the dog food got on the floor. It was possible, he testified, that a customer had spilled it.

Mrs. Self testified that only one of the bags was torn. She said she could not tell whether the bag had been cut with a knife or torn open in some other way. She also testified that there was no way of telling, by looking at the bag, when it had been ripped.

Mr. Self had shopped in the Wal-Mart store many times before the accident, and he said it was "a pretty clean store." Mrs. Self confirmed that the store was kept pretty clean, and that "other than the dog food," it looked in pretty clean condition at the time of the accident. The record contains no indication of how long the spilled dog food had remained on the floor.

At a hearing held September 22, 1988, the district court (Thomas A. Wiseman, Jr., J.) noted that the Tennessee courts "have trended against these slip-and-fall cases and require more of the plaintiff now than they used to." Addressing counsel for the plaintiff, the court observed that

"[T]here is a heavier burden on you as the plaintiff than just to prove that there was something on the floor and that your man fell and got hurt.

You've got to demonstrate by some affirmative proof that there was [a] reason that the store owner knew or should have known that the debris was on the floor. I can't find that proof here.

The only thing I can find is it was on the floor. Nobody knows how long it was there. There wasn't anything else on the floor. It wasn't dirty otherwise. It

could have been there 30 minutes, 30 seconds. There is no proof.

I don't see how you could get by a motion for a directed verdict on the proof you have here. That's why I'm asking you is there anything else. If there is something else, you tell me about it, [Counsel]. I can't find it."

Plaintiff's counsel was unable to point to any other evidence that might indicate what the defendant knew about the condition of the floor and when the defendant knew it. "I will agree with you," counsel told the court, "it's a tenuous thing, but ... I think the jury should be allowed to decide whether or not there was constructive notice." Because there was no evidence to support a finding of constructive notice, and because the district court did not believe that Tennessee courts would allow a jury to base a finding of constructive notice on pure speculation, the court entered summary judgment in favor of the defendant. This appeal followed.

## II

Under Tennessee law, the proprietor of a place of business owes customers a duty "to exercise reasonable care to keep the premises in a reasonably safe and suitable condition, including the duty of removing or warning against a dangerous condition traceable to persons for whom the proprietor is not responsible ... if the circumstances of time and place are such that by the exercise of reasonable care the proprietor should have become aware of such conditions." *Simmons v. Sears, Roebuck and Co.*, 713 S.W.2d 640, 641 (Tenn.1986), quoting *Allison v. Blount National Bank*, 54 Tenn.App. 359, 390 S.W.2d 716, 718 (1965).

■ Before a defendant can be held liable for an alleged breach of the duty of care, as the Tennessee courts have repeatedly declared, it must be shown either that the defendant created the dangerous condition, or that the defendant had actual or constructive knowledge of its existence prior to the accident. *Jones v. Zayre, Inc.*, 600 S.W.2d 730, 732 (Tenn.App.1980); *Benson v. H.G. Hill Stores*, 699 S.W.2d 560, 563 (Tenn.App.1985); *Chambliss v. Sho-*

*ney's, Inc.*, 742 S.W.2d 271, 273 (Tenn.App. 1987); *Maxwell v. Red Food Stores, Inc.*, 1988 WL 95273 (Tenn.App. at Nashville, September 16, 1988).

In the case at bar, the plaintiff was unable to show that the defendant created the dangerous condition by tearing open the bag of dog food. The plaintiff admitted that he had no idea how the dog food got on the floor. There was no showing that a Wal–Mart employee accidentally cut the dog food bag with a knife while opening the carton in which it presumably had been shipped. The plaintiff himself could not even remember seeing the bag, and his wife could not tell whether the bag—which she described as "torn"—had or had not been cut with a knife. If there was any evidence at all to suggest that the defendant's own employees had created the dangerous condition, the plaintiff was unable to discover it in the more than two years that elapsed between the time of the accident and the time of the hearing on the summary judgment motion.

Just as the plaintiff was unable to show that the defendant had created the dangerous condition, so also was he unable to show that the defendant had possessed actual knowledge of the spilled dog food prior to the accident. As plaintiff's counsel conceded in argument before the district court, therefore, any recovery by the plaintiff would have to depend on a finding that the defendant was somehow chargeable with constructive knowledge.

■ As a general rule, constructive knowledge cannot be established without some showing of the length of time the dangerous condition had existed:

"If liability is to be predicated on constructive knowledge by the Defendant, the proof must show the dangerous or defective condition existed for such length of time that the Defendant knew, or in the exercise of ordinary care should have known, of its existence." *Worsham v. Pilot Oil Corp.*, 728 S.W.2d 19, 20 (Tenn.App.1987), quoting *Jones v. Zayre, Inc.*, 600 S.W.2d 730, 732 (1980).

The proof in the instant case did not show how long the hazard had been present. The defendant's store was generally clean, and the deposition testimony of the plaintiff and his wife showed conclusively that they had no way of telling how much time had elapsed between the point at which the dog food was spilled and the point at which Mr. Self lost his footing on it. For all a jury could know, as the district court pointed out, the dog food might have been spilled only 30 seconds before the fall—and it is not to be presumed, under Tennessee law, that the proprietor of a self-service department store is an omniscient omnipresence, instantly aware of everything that transpires anywhere in the store.

The operator of a place of business in Tennessee "is not an insurer of the safety of its customers...." *Jones v. Zayre, Inc.*, 600 S.W.2d at 732, citing *Patterson v. Kroger Co.*, 54 Tenn.App. 243, 389 S.W.2d 283 (1965). It is true that a divided panel of this court once observed that in some respects Tennessee has required landlords and realty owners who deal with the public to respond "almost" as if they were insurers, *Gibson v. United States*, 671 F.2d 204, 209 n. 1 (6th Cir.1982), but subsequent Tennessee caselaw has reaffirmed that in slip-and-fall cases, at least, the proprietor or operator of a business is *not* an insurer of the customers' safety. *Bledsoe v. Delta Refining Co.* (Tenn.App. at Jackson, November 4, 1983, slip op. at page nine). Judge Wiseman, an experienced Tennessee lawyer and judge, observed in the instant case that the trend in Tennessee is to place a heavier burden on the plaintiff—to require something more than mere proof that the plaintiff's injury was caused by a foreign substance on the defendant's floor. Our opinion in *Gibson* teaches that we should give "considerable weight" to the trial court's views on such questions of local law. 671 F.2d at 208.

It is true that where a proprietor conducts operations that it knows or has reason to know are likely to produce an accumulation of debris on the floor, the Tennessee courts have not always worried too much about whether the proprietor happened to know of the specific piece of debris on which the customer fell. See, *e.g., Simmons v. Sears, Roebuck and Co.*, 713 S.W.2d 640 (defendant not entitled to a directed verdict where plaintiff could be found to have slipped and fallen on debris of sort commonly found near concession stand at which defendant sold soft drinks, peanuts, and popcorn; defendant's employees had seen debris within 15 minutes before plaintiff's fall); *Hale v. Blue Boar Cafeteria Co., Inc.* (Tenn.App. at Jackson, February 21, 1980) (defendant not entitled to directed verdict where plaintiff could be found to have slipped and fallen on debris of a sort frequently spilled by customers using a service stand in defendant's cafeteria); *Bledsoe v. Delta Refining Co., supra* (plaintiff need not show actual or constructive notice of specific hazard where injury occurred on self-service loading dock at which, as defendant owner knew, customers frequently dumped left-over petroleum products). None of these cases suggests that the district court erred in entering judgment for defendant Wal–Mart in the case at bar.

In each of the three cases cited above, the accumulation of foreign substances was shown to have been a common occurrence, as opposed to being something that was, in the words of the *Hale* court, "transitory, temporary or unusual." Where a proprietor knows or has reason to know that his customers are regularly dropping hazardous debris on his floor or steps, the Tennessee cases teach that the proprietor must take reasonable precautions to protect customers from injuring themselves on it. In *Simmons*, for example, the evidence showed that it was "not uncommon for there to be debris on the floor from the concession stand purchases," 713 S.W.2d at 640, and a customer testified that in the 15 minutes before the plaintiff fell on a nearby flight of steps, the customer had seen several of the defendant's employees going up and down the stairs without removing debris that was present at that time. *Id.* at 641. In the case at bar, by contrast, there was no evidence that dog food was commonly spilled in the aisles of the defen-

dant's store, and there was no evidence that any employee of the defendant had walked through the aisle where the plaintiff fell and had seen the spilled dog food there before the accident. Unlike *Moon v. SCOA Industries, Inc.*, 764 S.W.2d 550 (Tenn.App.1988), moreover, the instant case was not shown to be one in which personnel employed by the defendant were stationed in close proximity to the hazard, in a location where they could and should have seen it.

### III

■ It remains only to be considered whether defendant Wal–Mart made an adequate showing that the plaintiff lacked evidence essential to prove his case, with the result that there could be no genuine issue as to any material fact that would preclude entry of summary judgment under Rule 56(c), Fed.R.Civ.P. In light of *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), we are satisfied that Wal–Mart discharged its burden in this regard.

Justice Rehnquist, as he then was, wrote for the Court in *Celotex* that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. Stating a truism that might not have evoked universal approval in years gone by, Justice Rehnquist went on to say that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' " *Id.* at 327, 106 S.Ct. at 2555, quoting Rule 1, Fed.R.Civ.P.

Justice White, who provided the Court's fifth vote in *Celotex*, filed a concurring opinion in which he observed that "[i]t is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case." *Id.* at 328, 106 S.Ct. at 2555. But if, after having been requested to do so, the nonmoving party should fail to produce any basis for a case on which that party would have the burden of proof at trial, Justice White made it clear that such a party could not defeat a properly supported summary judgment motion merely by declining to reveal his or her witnesses and evidence.

In the case at hand defendant Wal–Mart demonstrated through depositions filed with the court that neither the plaintiff nor his wife had personal knowledge through which they could establish the elements necessary to make out a jury case. By their own admission, Mr. and Mrs. Self could not show that Wal–Mart was responsible for the spilling of the dog food, nor could they show that Wal–Mart had either actual or constructive knowledge of the spill before the accident occurred. A properly supported motion for summary judgment having been made, the plaintiff could not rest on the mere allegations of his pleadings; under Rule 56(e), Fed.R.Civ.P., he was required to set forth "specific facts" showing the existence of a genuine issue for trial.[1] This he failed to do, notwithstanding that there had been ample time for him to try to fill in the crucial gaps in his case by obtaining evidence from other customers or from the defendant's employees.

The district court conducted a hearing at which Mr. Self's counsel was told in so many words that the court could find no proof that the defendant knew or should have known that the debris was on the floor. The court asked counsel directly if there were anything else. The answer, in a word, was no: "[W]hat is there is there," counsel said, admitting that he had no additional evidence. The plaintiff was simply not able to name a witness who could support his claim—and there having been no showing of any legitimate reason why es-

---

1. See *Matsushita Elec. Ind. Co. v. Zenith Radio*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986), and the authorities there cited.

sential facts were not available at that juncture (see Rule 56(f)), we believe that Judge Wiseman had no choice, under Rule 56(c), but to render judgment "forthwith."

The judgment is AFFIRMED.