899 F.2d 15
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pearly L. WILSON, Plaintiff-Appellant,
v.
Victor N. KASSICIEH, Dr.; Jerry Patton, Defendants-Appellees.
 No. 89-3447.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1990.
 
 1
 Before KRUPANSKY and MILBURN, Circuit Judges, and WILLIAM K. THOMAS, Senior District Judge.*
 
 ORDER
 
 2
 Pearly Wilson is a pro se Ohio prisoner who appeals the district court's order which granted summary judgment to the defendants in an action that Wilson had brought under 42 U.S.C. Sec. 1983. The defendants are medical personnel at the state prison where Wilson is now incarcerated. Wilson's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 The gravamen of Wilson's complaint is that he suffers respiratory distress when the windows in his prison dormitory are closed. He alleges that the defendants caused him to be disciplined because he requested medical treatment for this condition and that the defendants did not give him proper medical care because he had sued them on other matters in the past. Wilson sought declaratory and injunctive relief as well as damages against the defendants both as individuals and in their official capacities.
 
 
 4
 On April 26, 1989, the district court granted the defendants' motion for summary judgment. The court denied Wilson's timely motion for reconsideration of that judgment on May 9, 1989. Wilson filed a timely notice of appeal from that order and from the court's earlier judgment on May 15, 1989.
 
 
 5
 As an initial matter, we note that Wilson is not entitled to money damages for any actions that the defendants took in their official capacities. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989). Moreover, a de novo review of the record shows that it was proper to grant the defendants' motion for summary judgment in this case.
 
 
 6
 First, Wilson was disciplined because he pled guilty to the charge of disobeying a direct order. He received a reduced sentence of ten hours extra duty that was entirely consistent with his plea. See Ohio Admin.Code Secs. 5120-9-06(E)(1), 5120-9-06(C), 5120-9-07(E)(1). Thus, the defendants have shown by a preponderance of the evidence that Wilson would have been disciplined even if they had not been sued. Cf. Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Simmat v. Manson, 554 F.Supp. 1363, 1374-75 (D.Conn.1983). Wilson's conclusory allegations to the contrary are not sufficient to defeat the defendants' motion for summary judgment on this issue. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 7
 Wilson's eighth amendment claim is also without merit. A prisoner states a proper eighth amendment claim "when he alleges that prison authorities have denied reasonable requests for treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir.1976). The record shows that Wilson was examined and treated for his respiratory complaints on January 13, 1988. The fact that he received this treatment demonstrates that, at most, Wilson disagreed with the defendants regarding his diagnosis and treatment. It is sufficient to show that the defendants did not act with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).
 
 
 8
 Wilson submitted affidavits from two other prisoners which supported his allegation that there is inadequate ventilation in the prison dormitory. However, this court has recently affirmed an order that decided that precise issue against Wilson in a separate case. Wilson v. Seiter, 893 F.2d 861, 865 (6th Cir.1990). Thus, Wilson's proof is not legally sufficient to show that there was a genuine issue for trial which would defeat the defendants' motion for summary judgment. See Fed.R.Civ.P. 56(e) (1989); cf. Self v. Wal-Mart Stores, Inc., 885 F.2d 336, 340 (6th Cir.1989).
 
 
 9
 Wilson's allegations that the district court referred to records outside of the pleadings, that the court did not consider his affidavits, and that the court made findings of fact that were not supported by the record are each without merit. Moreover, these arguments are now moot because of our de novo review of his case. There is absolutely no indication in the record that the district judge was biased. Cf. Garver v. United States, 846 F.2d 1029, 1031 (6th Cir.), cert. denied, 109 S.Ct. 63 (1988). Finally, it was entirely appropriate for the district court to dismiss Wilson's case with prejudice because its award of summary judgment to the defendants resolved all of the issues in the case on their merits. See Fed.R.Civ.P. 41(b) (1989); cf. Guzowski v. Hartman, 849 F.2d 252, 255-56 (6th Cir.1988).
 
 
 10
 Accordingly, Wilson's request for counsel is hereby denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William K. Thomas, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation