921 F.2d 276
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brenda PERSON and Arthur Person, Plaintiffs-Appellants,
v.
WAL-MART STORES, INCORPORATED, Defendant-Appellee.
 No. 90-5454.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1990.
 
 Before KEITH and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants, Brenda Person and Arthur Person, appeal the district court's grant of summary judgment to defendant-appellee, Wal-Mart Stores Incorporated, in this slip and fall diversity action.
 
 I.
 
 2
 On April 29, 1988, plaintiff-appellant, Brenda Person, entered the Wal-Mart store in Jackson, Tennessee, for the purpose of shopping. Plaintiff slipped and fell in the chemical aisle, alleging that there was an unidentified foreign substance on the floor which caused her fall. The store manager, Terry Goodwin, inspected the scene of plaintiff's fall after it happened and alleged that he found only a single drop of water on the floor that he was able to remove with his fingertip.
 
 
 3
 Plaintiffs, Brenda and Arthur Person, filed a negligence suit against defendant in the circuit court of Madison County, Tennessee on June 10, 1988. On July 19, 1988, defendant removed the action to the Federal District Court for the Western District of Tennessee.
 
 
 4
 On November 6, 1989, Wal-Mart filed a motion for summary judgment. By agreement of the parties and order of the court, the time within which plaintiffs were to respond to defendant's motion was extended through February 15, 1990. On February 21, 1990, the district court granted defendant's motion for summary judgment. Plaintiffs timely filed this appeal.
 
 II.
 
 5
 The first issue this court must decide is whether the district court erred in concluding that there was no question of material fact concerning defendant's actual or constructive knowledge of the presence of a foreign substance on its floor.
 
 
 6
 Although a dispute existed as to whether there was, in fact, an unidentified foreign substance on the floor where Mrs. Person allegedly fell, for the purpose of the summary judgment motion, the district court assumed that there was an unidentified foreign substance present on the floor. This fact is therefore not an issue in this appeal.
 
 
 7
 Under Tennessee law, "[b]efore an owner or operator of premises can be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, it must have (1) been created by the owner or operator or his agent, or (2) if the condition was created by someone other than the owner or operator or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident." Jones v. Zayre, Inc., 600 S.W.2d 730, 732 (Tenn.App.1980); see also Simmons v. Sears, Roebuck and Co., 713 S.W.2d 640, 641 (Tenn.1986).
 
 
 8
 Plaintiff alleges that there is a question of material fact, which a jury must decide, about whether Wal-Mart had actual or constructive notice that the condition allegedly causing Mrs. Person's fall existed prior to the accident. Because Cecil Walker, a maintenance worker employed by defendant, performed a safety sweep thirty minutes before plaintiff's fall and David Brasher, the department manager for the chemical department, stated that he had been in and out of the chemical department aisle the entire morning of the fall, plaintiff alleges that Wal-Mart had constructive notice that a foreign substance was on the floor.
 
 
 9
 Defendant argues and the district court held that there is no evidence about the length of time "the substance" had been on the floor. Plaintiffs maintain that from the following facts, inferences can be drawn to establish that defendant had constructive knowledge of a foreign substance on the floor: (1) maintenance personnel were not observed in the area after 7:00 a.m., (2) there were other staff (Cecil Walker and David Brasher) in the area who might have seen the substance on the floor, and (3) defendant has a procedure for cleaning up spills as soon as possible. The district court concluded that none of the facts relied upon by plaintiffs as circumstantial evidence of constructive notice were sufficient to support a reasonable inference that a foreign substance had been on the floor for such a length of time that defendant should have discovered it. A jury could only speculate about whether the presence of the substance had occurred seconds, minutes, or hours before the accident. Relying on Self v. Wal-Mart Stores, Inc., 885 F.2d 336 (6th Cir.1989), the district court concluded that with no evidence of the length of time the dangerous condition existed, there was no evidence to show that defendant had either actual or constructive notice. Because plaintiff failed to present proof of specific facts showing that a genuine issue of material fact existed, summary judgment in favor of defendant was appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 10
 We believe that Self v. Wal-Mart Stores, Inc. is dispositive of the present case. In Self, the court noted that Tennessee courts "have trended against these slip-and-fall cases and require more of a plaintiff now than they used to." 885 F.2d at 337. When liability for negligence is based on the defendant's constructive knowledge, the proof must show that the dangerous condition existed for such a length of time that the defendant knew, or in the exercise of ordinary care should have known, of its existence. Id. at 338. In Self, the plaintiff had slipped on spilled dog food, but "the deposition testimony of the plaintiff and his wife showed conclusively that they had no way of telling how much time had elapsed between the point at which the dog food was spilled and the point at which Mr. Self lost his footing on it." Id. at 339. As in Self, the plaintiffs in the present case have failed to present proof concerning how long the alleged hazard had been present.
 
 
 11
 Plaintiffs attempt to distinguish Self by pointing out that in Self there was no evidence that any employees had recently been in the area of the fall, whereas in the present case two employees testified in their depositions that they had been in the chemical department during the morning of Mrs. Person's fall. Plaintiffs argue that in two Tennessee cases, Benson v. H.G. Hill Stores, Inc., 699 S.W.2d 560 (Tenn.App.1985) and Henson v. F.W. Woolworth's Co., 537 S.W.2d 923 (Tenn.App.1974), the Tennessee Court of Appeals reversed a directed verdict for the defendant store in a slip and fall case, because there was evidence that an employee or employees in the are close to the spill either knew, or should have known, of the existence of a foreign substance on the floor. Plaintiffs allege that the present case is closer in its facts to Benson and Henson than it is to Self.
 
 
 12
 We disagree. The facts of Benson and Henson are distinguishable from those of the present case. In Benson, two employees of the defendant were stationed a few feet from the injury at the entrance/exit vestibule of the store where customers exit after paying for purchases. 699 S.W.2d at 563. In Henson, there was evidence that the store manager passed the scene of the fall just a few minutes before the fall. 537 S.W.2d at 924. In contrast, in the present case there is no evidence that the location of store employees could support an inference that they could or should have seen an alleged spillage in time to take precautionary action. For these reasons, we find that the district court was correct in concluding that there was no evidence that any of defendant's employees were in a position to have detected a spill in time to prevent plaintiff's fall.
 
 
 13
 Plaintiffs also argue that this case falls within the "dangerous method of operation" category of cases. In Worsham v. Pilot Oil Corp., 728 S.W.2d 19, 20 (Tenn.App.1987), the Tennessee Court of Appeals held "that the requirements of constructive notice [in slip and fall cases] may be met where a dangerous condition inside a self-service business is not an isolated one but is reasonably foreseeable to the owner because the condition is established by a pattern of conduct, a recurring incident, or a general or continuing condition and an invitee suffers injuries as a result of the condition." Plaintiffs allege that David Brasher, the head of the chemical department, stated that large spills commonly occur in the chemical department in which Mrs. Person fell and that a safety manual and training for store employees on procedures for scouring the store to prevent accidents from spills create an inference of the existence of a dangerous condition that is common and foreseeable.
 
 
 14
 We find that these arguments are without merit. First, plaintiffs' characterization of Mr. Brasher's testimony is misleading. Mr. Brasher was asked whether there were more spills in the chemical aisles than in other areas of the store. He answered, "No, the chemical aisles is not the larger area of spills in the store, larger spills also happen in departments 02, 01 and sport [sic] goods." This statement does not support an inference that spills commonly or frequently occur in the chemical aisles. Second, the fact that a self-service store has safety procedures in order that employees will be aware of and immediately clean up spills does not support an inference that a dangerous condition exists. The existence of a typical and ubiquitous self-service store, such as Wal-Mart, does not in and of itself meet the requirements of the "dangerous method of operation" theory. Grissom v. Wal-Mart Stores, Inc., No. 87-1002, slip op. (W.D.Tenn. August 29, 1989) ("there is no material evidence from which a jury could reasonably infer that Wal-Mart's self-service method of operation created a foreseeably hazardous condition on its premises"). For these reasons, we conclude that there is no question of material fact concerning defendant's actual or constructive knowledge of the presence of a foreign substance and therefore affirm the grant of summary judgment.
 
 III.
 
 15
 Finally, this court must decide whether this appeal is frivolous in light of this court's recent decision in Self v. Wal-Mart Stores, Inc. Defendant argues that this case is indistinguishable from Self, and therefore the appeal is frivolous.
 
 
 16
 We do not agree. As previously discussed, in Self, there was no evidence of any employee recently being in the vicinity where the fall occurred. In the present case, two employees were in the vicinity that morning--one thirty minutes prior to the fall. We do not believe that it was frivolous for plaintiffs to argue that Self should be construed narrowly, limiting it to its facts. Nor was it frivolous for plaintiffs to argue that Benson and Henson, which allowed inferences of constructive notice from circumstantial evidence concerning the location of store employees, to be construed broadly. For these reasons, the court does not deem this appeal frivolous and will not award double costs and attorneys' fees to defendant.
 
 IV.
 
 17
 To conclude, the decision of the district court granting summary judgment to defendant is affirmed. Defendant's request for double costs and reasonable attorneys' fees is denied.