977 F.2d 580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tina BIBLE, Plaintiff-Appellee,
v.
WAL-MART STORES, INC., Defendant-Appellant.
 No. 91-6490.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SILER, Circuit Judges, and CLELAND, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant-defendant, Wal-Mart Stores, Inc., appeals the jury verdict awarding appellee-plaintiff, Tina Bible, $30,000 for injuries sustained at a Wal-Mart store. The district court denied Wal-Mart's motions: (1) to exclude evidence of medical expenses ("expenses") submitted as proof of Bible's damages; (2) for a directed verdict; and (3) for judgment notwithstanding the verdict ("JNOV") or, in the alternative, for a new trial. For reason set out herein, the judgment of the district court is AFFIRMED.
 
 FACTS
 
 2
 Bible was injured at the store when several mirrored pictures fell from a shelf display striking her in the face, neck and shoulders. She testified that she was attempting to replace one of the pictures when "the whole lot of pictures just fell on me." She further stated that the pictures were "square boxed in" the display, that the boxes were bent and that certain top brackets were not in place on the over-stocked display shelf. However, she admitted that she did not know how the pictures fell or who created the alleged dangerous condition.
 
 
 3
 Wal-Mart offered two store employees' testimony. Glenda Lucas testified that: (1) when she came to the scene she found Bible with several pictures in her hands; and (2) if the brackets had not been properly in place the pictures would have previously fallen out of the display. Minnie Rogers testified that if the brackets had been too far apart, the pictures could not have been placed in the display. Neither witness testified as to who created or how long the alleged dangerous condition had existed.
 
 
 4
 Prior to and during trial, Wal-Mart objected to the testimony of Bible's chiropractor, Dr. Jerry Smith ("Smith"). He testified about Bible's expenses incurred while under a physician's treatment. Wal-Mart argued Smith was not competent to testify as to the reasonableness and necessity of another doctor's treatment. The district court overruled the objection.
 
 I.
 
 5
 This court's standard of review of motions for directed verdict and JNOV is identical to the standard used by the district court. Frost v. Hawkins County Bd. of Educ., 851 F.2d 822, 826 (6th Cir.), cert. denied, 488 U.S. 981 (1988); see also Agristor Leasing v. A.O. Smith Harvestore Prods., Inc., 869 F.2d 264, 268 (6th Cir.1989) (same standard of review applicable to directed verdict motions is applicable to JNOV motions). When reviewing a motion for directed verdict, the court should not weigh the evidence, evaluate the credibility of witnesses, or substitute its judgment for that of the jury. Lewis v. City of Irvine, 899 F.2d 451, 454-55 (6th Cir.1990). Instead, it must view the evidence in the non-moving party's favor, giving that party the benefit of all reasonable inferences. Id.; Agristor Leasing, 869 F.2d at 268. If, after reviewing the evidence, "the trial court is of the opinion that it points so strongly in favor of the movant that reasonable minds could not come to a different conclusion, then the motion should be granted." Morelock v. NCR Corp., 586 F.2d 1096, 1104-05 (6th Cir.1978), cert. denied, 441 U.S. 906 (1979).
 
 
 6
 A district court's decision to deny a new trial motion on the basis of the weight of the evidence shall be reversed only upon an abuse of discretion. Bruner v. Dunaway, 684 F.2d 422, 425 (6th Cir.1982), cert. denied, 459 U.S. 1171 (1983). In ruling on a motion for a new trial, the district court should compare the proofs and weigh the evidence. Id.; TCP Indus. v. Uniroyal, Inc., 661 F.2d 542, 546 (6th Cir.1981). It should deny the motion if the verdict is one which reasonably could have been reached by the jury. Id. Thus, while the district court has the duty to intervene in appropriate cases, the verdict should not be disturbed simply because different inferences and conclusions could have been drawn or because other results are more reasonable. Id.
 
 
 7
 Wal-Mart was not an insurer of Bible's safety, but it did have a legal obligation to exercise ordinary care and diligence to display the pictures in a reasonably safe manner. Self v. Wal-Mart Stores, Inc., 885 F.2d 336, 338 (6th Cir.1989). Although Bible admitted that she did not know what or who created the display's dangerous condition, sufficient evidence was presented to support the jury's finding of negligence. Testimony was presented from which the jury could have concluded at least these things: (1) the display was under Wal-Mart's control and maintenance; (2) the employees set up the display to accommodate various size mirrors; (3) the top brackets were not used with the display; (4) the lower brackets were set too far apart to hold the mirrors; (5) the cardboard boxes were bent; (6) the display was overstocked; and (7) Bible did nothing out of the ordinary to cause the display to fall. Thus, the jury's finding that Bible's version was more persuasive was not contrary to the evidence presented at trial.
 
 II.
 
 8
 Whether an individual qualifies as an expert is left to the trial court's discretion and will not be reversed absent a clear abuse. Can Am Engineering Co. v. Henderson Glass, Inc., 814 F.2d 253, 255 (6th Cir.1987). A witness may qualify as an expert by reason of his knowledge, skill, experience, training or education. Fed.R.Evid. 702. An expert need not have complete knowledge of the field in question as long as the knowledge possessed will assist the trier of fact. Carlson Equip. Co. v. International Harvester Co., 710 F.2d 481, 484 (8th Cir.1983). Thus, even when an expert witness is not certain or is biased, expert testimony is not automatically rendered inadmissible.
 
 
 9
 Smith testified that: (1) he graduated from the National Chiropractic College in 1980 and began his practice in Tennessee in 1981; (2) several of his courses were similar to the medical school instruction, including the use of the same text and medical doctors as instructors in the college classes; (3) he is licensed to practice in five states, including Tennessee; (4) he treated appellee for several weeks for headache, neck and back pains; (5) he referred her to a neurologist for further tests; (6) he is familiar with the reasonable charges for these medical services in the community; (7) the additional outside treatment was necessary and the charges were reasonable; and (8) only $2,000.00 of appellee's total medical charges of $8,644.02 were attributable to the neurologist's tests and treatment. Thus, the district court did not abuse its discretion in qualifying Smith as an expert and allowing him to express his opinion regarding the necessity of the neurologist's treatment and reasonableness of the charges.
 
 CONCLUSION
 
 10
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 The Honorable Robert Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation