## IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION AT JACKSON

_____

|  |  |  |
|---|---|---|
| **ERMA HARDESTY and** | ) | Shelby Law |
| **JIM HARDESTY**, | ) | 33600 T.D. |
|  | ) |  |
| Plaintiffs/Appellants. | ) |  |
|  | ) |  |
| VS. | ) | C. A. NO. 02A01-9510-CV-00235 |
|  | ) |  |
| **SERVICE MERCHANDISE** | ) |  |
| **COMPANY, INC.,** | ) |  |
|  | ) |  |
| Defendant/Appellee. | ) |  |
|  | ) |  |

**FILED**

Feb. 5, 1997

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

From the Circuit Court of Shelby County at Memphis.
**Honorable Robert A. Lanier, Judge**

**Hal Gerber**, Memphis, Tennessee
**Lewie R. Polk, III**, Memphis, Tennessee
And
**Shawn Ellis,**
WILHOIT EDUMUNDSON TERANDO & HOPKINS, Poplar Bluff, Missouri
Attorneys for Plantiffs/Appellants.


**Gail O. Mathes**, Memphis, Tennessee
Attorney for Defendant/Appellee.

OPINION FILED:

**AFFIRMED AND REMANDED**


**FARMER, J.**


**LILLARD, J.** : (Concurs)
**SUMMERS, Sp. J.** : (Concurs by Separate Opinion)

This appeal is taken from the trial court's order of June 7, 1995, granting summary judgment in favor of Defendant Service Merchandise Company, Inc. (hereinafter, "Service Merchandise"). Specifically, the trial court found that there was no proof of a dangerous condition created by Service Merchandise and no proof that Service Merchandise had either actual or constructive notice that a dangerous condition existed. Upon consideration of the record before us, the trial court's order is affirmed.

## FACTS

Erma Hardesty (hereinafter, "Mrs. Hardesty" or "Hardesty"), traveled from her residence in Missouri to Memphis with her daughter and grandson. While at the Mall of Memphis, Mrs. Hardesty, her daughter and grandson went shopping at the Service Merchandise store. They entered the store in search of the toy department and, after receiving directions, the party proceeded down one of the aisles. Mrs. Hardesty had traveled a few feet down the aisle when she fell forward and landed on her left hip. As Mrs. Hardesty testified at trial, "All at once I was just falling and I didn't know why." As a result of the fall, Mrs. Hardesty sustained a fractured hip which required surgery and hospitalization.

Mrs. Hardesty filed suit to recover for her injuries in which she alleged negligence on the part of Service Merchandise in failing to keep its store free of dangerous conditions. Her husband sought damages for loss of consortium. The jury rendered a verdict attributing 95% of the fault for the accident in question to Service Merchandise and 5% to Mrs. Hardesty. The jury awarded $250,000 in damages to Mrs. Hardesty and $150,000 in damages to her husband.

Service Merchandise filed a motion for directed verdict and later filed a motion for judgment notwithstanding the verdict or, in the alternative, for new trial. The trial court found it impossible to determine remittur because of the excessiveness of the judgment and granted the motion for new trial. Service Merchandise filed a motion for new trial by a different judge. The motion was granted, and the cause transferred to Division 7 of the Shelby County Circuit Court on November 23, 1994. Service Merchandise then filed a motion for summary judgment which was granted.

## ISSUES ON APPEAL

Appellants' issues on appeal are as follows:

     1. Did the original trial court err in granting Defendant's motion for new trial based only on its finding that the damages awarded to Plaintiffs were excessive?

     2. After transfer, did the second trial court err in granting defendant's motion for [summary] judgment?

Appellee frames the issues as:

     1. The trial court properly ordered a new trial on the basis that the damages awarded by the jury were excessive.

        A. The trial court, as thirteenth juror, was required to grant Defendant's motion for new trial.
        B. The evidence in this cause was inadequate to support the jury award with respect to Erma Hardesty's claim and the claim of Jim Hardesty, her husband, for loss of consortium.
        C. The excessiveness of the damages awarded by the jury justified the court's finding that the jury was motivated by passion and prejudice.

     2. Defendant was entitled to judgment as a matter of law on the grounds that Plaintiff had no evidence of notice, either constructive or actual.

        A. The original trial court erred in denying Defendant's motion for directed verdict and [judgment] notwithstanding the verdict.
        B. The trial court on transfer properly granted Defendant's motion for summary judgment in this cause.

## ARGUMENT

In considering this appeal, the Court first turns its attention to the issue of whether the trial court properly granted Service Merchandise's motion for a new trial. The order granting Defendant's motion for new trial stated:

This matter comes before the Court on DEFENDANT'S MOTION TO SET ASIDE THE VERDICT, FOR NEW TRIAL, OR IN THE

ALTERNATIVE, FOR REMITTITUR PURSUANT TO THE PROVISIONS OF RULE 59 OF THE TENNESSEE RULES OF CIVIL PROCEDURE, from all of which the Court determines that the amount of the judgment awarded to Plaintiffs was so excessive that the Court was unable to determine a reasonable remittitur under the circumstances of this case. Therefore, this Court grants Defendant's Rule 59 Motion for a New Trial.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendant Service Merchandise's Motion for a New Trial be and is hereby granted.

The trial court acts as thirteenth juror and, in cases where the trial court deems it appropriate, it may set aside a jury's verdict and order a new trial. *James E. Strates Shows, Inc. v. Jakobik*, 554 S.W.2d 613, 616 (Tenn. 1977); *Sherlin v. Robinson*, 551 S.W.2d 700 (Tenn. Ct. App. 1976). Therefore, if the trial court disagrees with the amount of the verdict, finding it to be either excessive or inadequate, the trial court may set aside that judgment. *Foster v. Amcom Int'l., Inc.*, 621 S.W.2d 142, 148 (Tenn. 1981). As the Supreme Court noted in *Foster*, additurs and remittiturs were designed to correct the excessiveness or inadequacy of a jury's verdict. However, the trial court should award a new trial rather than suggest a remittitur or additur if the adjusted amount of the judgment would bear no relation to the jury verdict. *Id*. at 148.

In *Guess v. Maury*, 726 S.W.2d 906 (Tenn. App. 1986), this Court addressed a situation similar to the case at bar. In that case, the jury returned a verdict for $950,000 for one plaintiff and for $83,000 for another plaintiff. *Id*. at 907. The trial court suggested a remittitur of the damage awards to $235,000 and $25,000, respectively. *Id*. at 911. On appeal, this Court noted that a remittitur which amounted to a 75% reduction in the amount of the jury award was excessive in that it destroyed the jury's verdict. Therefore, we found that the trial court should have granted a new trial. *Id*. at 913.

In the instant case, the trial court determined "that the amount of the judgment . . . was so excessive" that the trial court was unable to determine a reasonable remittitur. Therefore, rather than order a remittitur, the trial court ordered a new trial. Because the trial court, acting in its role as thirteenth juror, would not have accepted the jury's verdict and clearly expressed this intent, we find that the trial court properly awarded Defendant a new trial.

Having determined that the trial court did not err in granting Defendant's motion for new trial, we now address the issue of whether Service Merchandise had notice of the allegedly dangerous condition. We find that Hardesty failed to establish that Service Merchandise had either actual or constructive notice of an unsafe or unreasonably dangerous condition on its premises at the time of the injury. Merchants owe customers a duty "to exercise reasonable care to keep the premises in a reasonably safe and suitable condition, including the duty of removing or warning against a dangerous condition traceable to persons for whom the proprietor is not responsible . . . if the circumstances of time and place are such that by the exercise of reasonable care the proprietor should have become aware of such conditions." *Self v. Wal-Mart Stores, Inc.*, 885 F.2d 336, 338 (6th Cir. 1989); *Simmons v. Sears, Roebuck & Co.*, 713 S.W.2d 640, 641 (Tenn. 1986), quoting *Allison v. Blount Nat'l Bank*, 390 S.W.2d 716, 718-19 (Tenn. App. 1965). A merchant is not an insurer of the safety of its customers, and it is not to be presumed that the proprietor of a store like Service Merchandise is instantly aware of all that transpires within its establishment. *Self,* 885 F.2d at 339; *Jones v. Zayre, Inc.*, 600 S.W.2d 730, 732 (Tenn. App. 1980); *Patterson v. Kroger Co.*, 389 S.W.2d 283 (Tenn. App. 1964).

In order to prevail against the owner or operator of a premises for negligence in allowing a dangerous or defective condition to exist on the premises, the plaintiff must establish (1) that the defendant created the condition or (2) that the defendant had actual or constructive notice of the condition prior to plaintiff's injury. *Self v. Wal-Mart Stores, Inc.*, 885 F.2d 336, 338 (6th Cir. 1989); *Chambliss v. Shoney's, Inc.*, 742 S.W.2d 271, 273 (Tenn. App. 1987); *Benson v. H.G. Hill Stores, Inc.*, 699 S.W.2d 560, 563 (Tenn. App. 1985); *Jones v. Zayre, Inc.*, 600 S.W.2d 730, 732 (Tenn. App. 1980); *Paradiso v. Kroger Co.*, 499 S.W.2d 78 (Tenn. App. 1973). Plaintiffs allege that Mrs. Hardesty tripped over a bed rail that was on display at Defendant's store. Assuming, *arguendo,* that the bed rail was the offending object, there has been no proof as to who placed the bed rail in the position it was in when Mrs. Hardesty fell over it. No evidence was introduced to show that Service Merchandise either created the condition or had actual notice thereof. Mrs. Hardesty testified,

> Q. And you didn't know whether a Service Merchandise employee pulled it out in the aisle or a customer had just pulled it out right before you were walking down there, did you, ma'am?

A. No, I don't know . . . .

Mrs. Hardesty's daughter, Shelby Vincent, was with her mother at the time of the accident. She testified as follows:

> Q. And you don't know who put that bed rail in that position, do you, ma'am?
>
> A. No.

In this cause, Plaintiffs have not shown that Defendant either placed the bed rail in the allegedly dangerous position or had actual notice of the allegedly dangerous condition on its premises. Therefore, in order to prevail, Plaintiff must demonstrate that Service Merchandise had constructive notice of the allegedly dangerous condition. As a general rule, constructive knowledge cannot be established without some showing of the length of time the dangerous condition had existed. *Self*, 885 F.2d at 338. As noted by this Court in *Jones v. Zayre, Inc.*, 600 S.W.2d 730, 732 (Tenn. App. 1980), "[i]f liability is to be predicated on constructive knowledge by the Defendant, the proof must show the dangerous or defective condition existed for such length of time that the Defendant knew, or in the exercise of ordinary care should have known, of its existence." See also, *Worsham v. Pilot Oil Corp.*, 728 S.W.2d 19, 20 (Tenn. App. 1987); *Allison v. Blount Nat'l Bank*, 390 S.W.2d 716 (Tenn. App. 1965) . Mrs. Hardesty testified at trial regarding this issue as follows:

> Q. Mrs. Hardesty, you didn't know how long that rail had been in the aisle prior to walking up to it, did you, ma'am?
>
> A. Of course not. I didn't see it when I fell.

In her previous deposition, Mrs. Hardesty testified that she had no idea how long the rail had been protruding. She stated:

> Q. You have no idea how long the rail had been sticking out?
>
> A. No, I don't.

Similarly, Shelby Vincent offered the following testimony at trial:

Q. And insofar as how long that bed rail had been in that position, you don't know that, do you, ma'am?

A. No.

In fact, when questioned at trial on this point by Plaintiffs' counsel, Mrs. Vincent testified:

Q. Truthfully, you don't know how long that rail had been there?

A. No.

Plaintiffs have predicated their claim of constructive notice on Mrs. Vincent's observation that the bed rail remained in the aisle after the accident occurred. Mrs. Vincent testified that the bed rail remained in the aisle for over ten minutes after the accident and that when she returned to the store the next day, she found the bed rail protruding into the aisle in the same location as it had been the day before. While her testimony that the bed rail was protruding into the aisle for some 24 hours after the accident would be persuasive as to notice for a subsequent accident, we do not find that it has any bearing on the facts surrounding the instant cause.

Plaintiffs base their claim on circumstantial evidence which they assert supports any one of a number of inferences which satisfy their burden of proof. Plaintiffs rely upon **Benson v. H.G. Hill Stores, Inc**., 699 S.W.2d 560 (Tenn. App. 1985), in which this Court held that a jury could draw inferences from the facts. In that case, the jury was permitted to infer that wet wax was a dangerous condition not ordinarily found on the floor of trade establishments without the store warning customers of the danger. *Id*. at 563. Further, the Court held that the jury could infer that the wax was placed or spilled there by a store employee. *Id*.

We do not find the type of defective condition alleged here to be appropriate for the jury's drawing of inferences that Service Merchandise had notice of the allegedly dangerous condition prior to the accident. In **Benson**, the Court found it to be salient that there were two employees in the immediate vicinity of the wet wax at the time of the accident. The employees either observed or should have observed the spillage of the wax, thereby producing notice to their employer. In the instant case, however, there were neither customers nor employees near the scene

of the accident. Mrs. Vincent stated at trial:

> Q. Now in this few minutes that you were in the store you saw no customers in the area where your mother fell, correct?
>
> A. Yes.
>
> Q. And there were no Service Merchandise employees who were standing around looking at the merchandise in that area, were there?
>
> A. No.

Furthermore, Mary Summers, a Service Merchandise employee for 11 years, testified that all Service Merchandise employees are trained to look out for and to set right merchandise that is found to be out of place.

Where there is a complete absence of proof as to when and how the dangerous condition came about, it would be improper to permit the jury to speculate on these vital elements. *Ogle v. Winn-Dixie Greenville, Inc.*, 919 S.W.2d 45, 47 (Tenn. App. 1995); *Paradiso v. Kroger Co.*, 499 S.W.2d 78 (Tenn. App. 1973); *Chambliss v. Shoney's, Inc.*, 742 S.W.2d 271 (Tenn. App. 1987). A plaintiff must submit proof as to how long the allegedly dangerous condition existed prior to the accident. *Jones v. Zayre*, 600 S.W.2d 730, 732 (Tenn. 1980); *Worsham v. Pilot Oil Corp.*, 728 S.W.2d 19, 20 (Tenn. App. 1987). Plaintiffs presented no proof that Defendant created the allegedly dangerous condition. Furthermore, there has been no proof that Defendant had either actual or constructive knowledge of the condition prior to Mrs. Hardesty's fall; Hardesty acknowledged that she did not know when the offending bed rail had been pulled out.

In order to establish a *prima facie* case of negligence for a slip-and-fall case, the law requires that the defendant create the dangerous condition or know about it prior to the accident in question. If a plaintiff cannot prove that defendant either created the condition or had actual knowledge of it, the plaintiff must prove, in order to prevail, that defendant had constructive knowledge of the hazard. In order to establish constructive knowledge, the plaintiff must present proof as to the length of time that the dangerous condition existed. *Self,* at 339. In this case, Plaintiffs presented no proof as to how long before the accident the bed rail had protruded into the aisle. In failing to do so, Plaintiffs failed to establish the essential element of constructive

knowledge, and consequently, Plaintiffs cannot establish a ***prima facie*** case of negligence. Therefore, the original trial court erred in not granting Defendant's motion for directed verdict.

On October 4, 1994, the original trial court granted Defendant's motion for a new trial. On November 23, 1994, the cause was transferred to Shelby County Circuit Court, Division 7 where a different court had the opportunity to evaluate the issue of whether Plaintiffs had provided adequate proof of an unsafe or unreasonably dangerous condition prior to Mrs. Hardesty's fall. Service Merchandise moved for and was granted summary judgment. In support of its motion, Defendant filed a copy of the entire trial transcript from the original proceedings. Plaintiffs offered no additional proof by affidavits or otherwise and relied entirely upon the trial transcript. After reviewing the transcript, motions and responses of the parties, and hearing oral argument on this issue, the trial court granted Service Merchandise's motion for summary judgment.

No presumption of correctness attaches to decisions granting summary judgment because they involve only questions of law. Thus, on appeal, we must make a fresh determination concerning whether the requirements of Rule 56 T.R.C.P. have been met. ***Cowden v. Sovran Bank/Central South***, 816 S.W.2d 741, 744 (Tenn. 1991).

We begin our analysis of the issue of summary judgment by noting that a trial court should grant a motion for summary judgment only if the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56.03 T.R.C.P.; ***Byrd v. Hall***, 847 S.W.2d 208, 210 (Tenn. 1993). The party moving for summary judgment bears the burden of demonstrating that no genuine issues of material fact exist. ***Byrd***, 847 S.W.2d at 210. In ***Byrd***, the Tennessee Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. (Citations omitted.) In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth ***specific facts*** showing that there is a genuine issue of material fact for trial.

***Id***. at 211, (emphasis in original).

Considering the evidence in the light most favorable to the Plaintiffs, we are left to determine whether Service Merchandise was entitled to summary judgment as a matter of law. As heretofore stated, no claim for negligence in regard to a slip-and-fall injury can succeed in the absence of plaintiffs' showing either that the defendant created the dangerous condition or that the defendant had actual or constructive knowledge of said condition. ***Self v. Wal-Mart Stores, Inc***., 885 F.2d 336, 338 (6th Cir. 1989); ***Chambliss v. Shoney's, Inc.***, 742 S.W.2d 271, 273 (Tenn. App. 1987); ***Benson v. H.G. Hill Stores, Inc.***, 699 S.W.2d 560, 563 (Tenn. App. 1985); ***Jones v. Zayre, Inc***., 600 S.W.2d 730, 732 (Tenn. App. 1980); ***Paradiso v. Kroger Co***., 499 S.W.2d 78 (Tenn. App. 1973).

In addressing the motion for summary judgment, the court must consider the evidence in the same manner as a motion for directed verdict made at the close of plaintiffs' proof. Therefore, the "court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." ***Byrd*** at 210-11. The proof in the instant case is insufficient for Plaintiffs to establish a cause of action and to carry their burden of proof. Mrs. Hardesty has presented no proof that Service Merchandise created the dangerous condition or had actual knowledge thereof. Under the ***Self*** analysis, when a plaintiff cannot prove that a defendant either created a dangerous condition or had actual notice thereof, the plaintiff must demonstrate the length of time the condition existed prior to the accident, in order to establish the defendant's constructive knowledge. ***Self,*** 885 F.2d at 339.

Plaintiffs have been unable to show that Defendant created the dangerous condition by placing the bed rail in the aisle. Both Mrs. Hardesty and her daughter, Shelby Vincent, admitted that they did not know who placed the bed rail in the position it was in when Mrs. Hardesty fell over it. Similarly, Plaintiffs have not produced any evidence to suggest that Defendant had actual knowledge of the condition prior to the accident nor have they shown how long the bed rail had been in the aisle. In fact, both Mrs. Hardesty and Mrs. Vincent admitted at trial and in their depositions that they did not know how long the bed rail had been in the aisle.

It appears that Plaintiffs are unable to establish a ***prima facie*** case of negligence for Mrs. Hardesty's injuries because they are unable to offer any proof that Defendant either knew of or had constructive knowledge of the allegedly dangerous condition. Accordingly, we find that the trial court was correct in granting Defendant's motion for summary judgment. The trial court's decision is affirmed, and the appeal dismissed. Costs on appeal are taxed to Appellants for which execution may issue if necessary.

_____

FARMER, J.

_____

LILLARD, J. (Concurs)

_____

SUMMERS, Sp. J. (Concurs by
Separate Opinion)