# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT NASHVILLE

| | |
|---|---|
| **BARBARA KNIGHT,** | ) |
| | ) |
| Plaintiff/Appellant, | ) **Sumner Circuit No. 15456-C** |
| | ) |
| **VS.** | ) **Appeal No. 01A01-9705-CV-00213** |
| | ) |
| **CITY OF GALLATIN, SUMNER** | ) |
| **COUNTY, TENNESSEE,** | ) |
| | ) |
| Defendant/Appellee. | ) |

FILED

January 16, 1998

Cecil W. Crowson
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF SUMNER COUNTY
AT GALLATIN, TENNESSEE
THE HONORABLE THOMAS GOODALL, JUDGE

**WILLIAM L. UNDERHILL**
Madison, Tennessee
Attorney for Appellant

**GARY K. GROOMS**
**Farris, Warfield & Kanaday, PLC**
Nashville, Tennessee
Attorney for Appellee

**AFFIRMED**

DAVID R. FARMER, J.

**CONCUR:**

**ALAN E. HIGHERS, J.**

**HEWITT P. TOMLIN, JR., Sr. J.**

Barbara Knight sued the city of Gallatin (City) after she fell on a city sidewalk.  The

complaint alleges the City was negligent in allowing algae and slime to accumulate in an area where water flowed across the sidewalk in the vicinity of a carwash. Summary judgment was granted in favor of City and Ms. Knight appeals.

This action was brought pursuant to the Governmental Tort Liability Act found at T.C.A. § 29-20-101 et. seq. The City's immunity is removed for injury caused by a defective, unsafe or dangerous condition of a sidewalk owned and controlled by the governmental entity. T.C.A. § 29-20-203(a). However, this section does not apply unless the City had actual or constructive notice of a defective, unsafe or dangerous condition. T.C.A. § 29-20-203(b). The plaintiff concedes that she is unable to prove actual notice. Therefore, the crux of this case is whether the City had constructive notice.

Summary judgment is appropriate only when there are no genuine issues of material fact. The trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. If there is such a dispute, the motion must be denied. It is not the province of the court to weigh the evidence. However, once it is shown by the movant that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine material fact dispute. The respondent cannot simply rely upon his pleadings but must set forth specific facts by using affidavits or other discovery material. Rule 56.03 T.R.C.P.; Byrd v. Hall, 847 S.W.2d 208 (Tenn. 1993). No presumption of correctness attaches to decisions granting summary judgment as they involve only questions of law. On appeal, we must make a fresh determination as to whether the requirements of Rule 56 T.R.C.P. have been met. Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn. 1991).

Constructive notice is "information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it." *Black's Law Dictionary*, 1062 (6th ed. 1990); Kirby v. Macon County, 892 S.W.2d 403,

2

409 (Tenn. 1994).

The plaintiff attempts to show that the City had constructive notice by virtue of the fact that, at the time of the accident, the City's Public Works Department had approximately 60 people "out and about on the streets of Gallatin". However, Ms. Knight herself testified that the area she stepped in just looked wet and she could see nothing other than the water.

In response to the City's motion for summary judgment, Ms. Knight presented the affidavit of Mr. Barry Lynn Newberry who states that he regularly travels the area in front of the car wash and has observed water running across the sidewalk on a regular basis. He further stated that he noticed a green fungus type slime build-up on the sidewalk "at least three years ago." Ms. Knight fell on June 27, 1995 and Mr. Newberry's affidavit is dated February 11, 1997. Interestingly, Mr. Newberry's affidavit also states that, when he observed the fungus and slime build-up, it was open and obvious to him. Plaintiff also presented the affidavit of Ms. Kayron McGrew who stated that she worked in the vicinity of the fall; had periodically observed water flowing across the sidewalk since she began working in the area in July 1992 and had never observed anyone cleaning the sidewalk. This was apparently an attempt to rebut the testimony of the owner of the car wash, Mr. Herman Taylor, that he generally cleaned the sidewalk area once per week. Although this creates a factual dispute, it is not material to the issue of whether the City had constructive notice that slime and algae had built up beneath the water.

The plaintiff does not contend that the City caused or created the condition. If liability is predicated on constructive notice, the defective condition must have existed for such length of time that the defendant knew or, in the exercise of ordinary care, should have known, of its existence. Jones v. Zayre, Inc., 600 S.W.2d 730, 732 (Tenn. App. 1980). As a general rule, constructive knowledge cannot be established without some showing of the length of time the dangerous condition had existed. Self v. Wal-Mart

3

Stores, Inc., 885 F.2d 336, 338 (6th Cir. 1989); Hardesty v. Service Merchandise Co., Inc., 953 S.W.2d 678 (Tenn. App. 1997).  It is not clear from Mr. Newberry's affidavit whether his observation was three years prior to the fall or prior to the date of his affidavit. However, either interpretation would be too far removed from the condition of the sidewalk that existed when the fall occurred. The plaintiff has simply failed to present any evidence that slime and algae beneath the flowing water had existed for a sufficient length of time to put the City on notice. Ms. Knight does not contend that the dangerous condition was the water flowing across the sidewalk.  She of course observed this condition prior to stepping into it and testified that she was aware that she was stepping into the water but had no cause for concern.

We agree with the trial court that summary judgment was proper and that there was insufficient evidence presented that the City had constructive notice of a dangerous or defective condition existing on the sidewalk at the time of Ms. Knight's unfortunate accident.  The judgment of the trial court is affirmed and the costs of this cause are taxed to the appellant for which execution may issue if necessary.

_____
FARMER, J.

CONCUR:

_____
HIGHERS, J.

_____
TOMLIN, Sr. J.

4