MRS. WINNIE PATTERSON and AUBREY
PATTERSON, Plaintiffs in Error, v. THE
KROGER COMPANY, Defendant in Error.
—389 S.W.(2d) 283.

Western Section. December 10, 1964.

Certiorari Denied by Supreme Court April 5, 1964.

Clyde P. West, Memphis, for plaintiffs in error.

Maxwell D. Lucas, Jr., and J. W. Kirkpatrick, Memphis, for defendant in error, Clifton, Mack & Kirkpatrick, of counsel.

BEJACH, J. In these consolidated causes, by consent of the parties, Chancellor Brooks McLemore of Jackson, Tennessee, sat in place of Judge J. B. Avery, Sr., who was ill.

Mrs. Winnie Patterson and Aubrey Patterson, her husband, who were plaintiffs in the lower court, appeal in error from a verdict of the jury and judgment thereon in favor of the defendant, The Kroger Company. In this opinion, the parties will be styled, as in the lower court, plaintiffs and defendant, or called by their respective names.

Mrs. Winnie Patterson sued for personal injuries resulting from a fall in one of the defendant's stores on

North Thomas Street in Memphis, Tennessee, March 3, 1961. Mr. Patterson sued for medical expenses, loss of services and loss of consortium. According to the allegations of plaintiffs' declarations, Mrs. Patterson stepped on a greasy piece of tallow, meat, or other meaty substance, permeated and covered with sawdust, which had been carried from the butcher shop owned and operated by the defendant into an aisle where she was reaching for a package. The cause was submitted to a jury which returned a verdict in favor of the defendant. After plaintiffs' motion for a new trial had been overruled, they appealed in error to this court, where they have filed twelve assignments of error. We deem it unnecessary to copy these assignments of error into this opinion, but they will be taken up separately and disposed of seriatim.

Assignment of Error I complains because of the refusal of the trial judge, after the introduction of all the proof, to allow plaintiffs to amend their declarations by alleging ''Defendant was further negligent in that it failed to make reasonable inspection of the floor of the store, and failed to remove the meat from the floor before plaintiff was injured, as a direct and proximate result of which plaintiff suffered the damage set out above.'' This assignment of error must be overruled. Whether or not such amendment should have been allowed was within the sound discretion of the trial judge, and we cannot say that in this instance the trial judge abused his discretion in denying the amendment. Caccamisi v. Thurmond, 39 Tenn.App. 245, 282 S.W.(2d) 633; Kneeland v. Bruce, 47 Tenn.App. 136, 336 S.W.(2d) 319. In any event, there was no evidence to support the theory of this proposed amendment. The proof showed that the floors were regularly inspected and swept, and that the last inspection had been made about one hour before the accident.

There was also uncontradicted proof that the meat or tallow on which the plaintiff, Mrs. Patterson, slipped, was not on the floor one hour before the accident.

 By Assignment of Error II, plaintiffs complain of the following charge to the jury, viz.:

"Now, jurors, it is the substance of the pleadings of the plaintiff, Mrs. Patterson, and her theory under the pleadings and proof, that on March 3, 1961, while a customer in defendant's business, and in the exercise of due care for her own safety, she was injured when she slipped on a greasy, slick, meaty substance with sawdust on it, which was negligently carried from the butcher shop of the defendant out to the aisle of the defendant's store which the public was invited to use, from the person or shoes of the defendant's employees or servants, that the defendant's agents and servants were negligent in that they failed to maintain the premises in a reasonably safe condition, and that as a result and proximate result of the negligence of the defendant, the plaintiff was injured."

Plaintiffs contend that this charge was erroneous because plaintiff should not be required to prove how the substance came to be where it was when Mrs. Patterson slipped on it and fell. They cite cases from jurisdictions other than Tennessee which they maintain are authorities for this contention. We deem it unnecessary to discuss these cases. No case in Tennessee holds to that effect, and we think the reported cases in Tennessee furnish ample authority for the charge as given. As was said by this Court in Gargaro v. Kroger Grocery & Baking Co., 22 Tenn.App. 70, 118 S.W.(2d) 561, in an opinion written by Special Judge W. P. Moss:

"The proprietor, owner, or management of a retail store such as that operated by the defendant in this case is under obligation to exercise ordinary care and diligence to maintain the premises in a reasonably safe condition for the patrons or customers of the store, who enter and remain there as invitees. Such a proprietor or owner is not an insurer of the safety of customers in the store, but is liable only if injury results from a branch (breach) of the duty to use or exercise ordinary care for their safety and protection. Such is the rule in Tennessee, and it is well nigh universal in America, Buckeye Cotton Oil Co. v. Campagna, 146 Tenn. 389, 394, 242 S.W. 646; Loew's Nashville & Knoxville Corp. v. Durrett, 18 Tenn.App. 489, 79 S.W.(2d) 598; Bennett v. Louisville & N. R. Co., 102 U.S. 577, 26 L.Ed. 235; Armstrong v. Kroger Grocery & Baking Co., Mo.App., 78 S.W.(2d) 564; Kresge Co. v. Fader, 116 Ohio St. 718, 158 N.E. 174, 58 A.L.R. 132; Annotations, 61 A.L.R. 1289." Gargaro v. Kroger Grocery & Baking Co., 22 Tenn.App. 74, 118 S.W.(2d) 561.

The above quotation is repeated with approval in Hill v. Castner-Knott Dry Goods Co., 25 Tenn.App. 230, 234, 166 S.W.(2d) 638; and in Busler v. Cut Rate Supermarket, 47 Tenn.App. 21, 24, 334 S.W.(2d) 738. Assignment of Error No. II is overruled.

■ By assignment of Error No. III, plaintiffs complain of the Judge's charge to the jury, as follows:

"If an obstruction or dangerous substances are placed in the aisle by persons not the employees of the defendant, the proprietor is not responsible for any injury to the customers unless it is shown that the owner

or proprietor has knowledge of the fact, either actual or constructive.''

In our opinion, this was a correct charge. What we have said with reference to Assignment of Error II is also applicable to Assignment of Error III. Assignment of Error III is overruled.

■ By Assignment of Error IV, plaintiffs complain of the refusal of the trial judge to give in charge to the jury their special instruction No. 2, which was as follows:

''Plaintiffs' theory: That substance was carried from the butcher shop into the store by negligence of defendant on shoes of its employees or on its carts or wheels thereof, or in some other manner.''

This special instruction is inadequate because it is incomplete. It is incomplete because if the meat or substance was carried from the butcher shop ''in some other manner'' than by negligence of defendant's own employees, defendant would have had to be charged with knowledge thereof before it could be held liable. The special instruction being incomplete and inaccurate, it was not error for the trial judge to give it in charge to the jury. Llewellyn v. City of Knoxville, 33 Tenn.App. 632, 232 S.W.(2d) 568; Morton v. Martin Aviation Corp. 205 Tenn. 41, 325 S.W.(2d) 524. Assignment of Error IV is overruled.

■ Assignment of Error V is ''The Court erred in telling the jury that they could be concerned only with medical expenses in the husband's action.'' Plaintiffs content that this was error because plaintiff was entitled to recover for loss of services and consortium of his wife. The fallacy of plaintiffs' argument is that the plaintiff husband's proof, other than as to the medical expenses,

was grossly inadequate. In order to entitle plaintiff to recovery for loss of services and consortium, the pleading and proof must be clear and specific. Ill. Cent. Ry. Co. v. Solinsky, 12 Tenn.App. 389; All v. John Gerber Co., 36 Tenn.App. 134, 252 S.W.(2d) 138.

In any event, since the jury found for the defendant on the question of liability, even if the trial judge was in error with reference to limiting plaintiff Aubrey Patterson's right of recovery to medical expenses, under the provisions of our harmless error statute, T.C.A. 27-116 and 27-117, there could be no reversal. Assignment of Error V is overruled.

Assignment of Error VI complains because of the refusal of the trial judge to give plaintiffs' special request No. 1, which was as follows:

"If you find for the plaintiff, Aubrey Patterson, included in your verdict should be the damages he has sustained because of the loss of services, society and consortium of his wife as a result of the defendant's negligence."

What has been said with reference to Assignments of Error IV and V is equally applicable to Assignment of Error VI. Assignment of Error VI is, accordingly, overruled.

Assignment of Error VII contends that the trial court erred in excluding from the jury portions of the deposition of Dr. Witherington as follows:

"By Mr. Kirkpatrick: Are you acquainted with that fall, Doctor, down the stairs.

"A. No, EXCLUDED: I know nothing about a fall down the stairs. I think the one who made it is in error as to how the fall was obtained."

Counsel for defendant contends that the answer excluded was not responsive to the question, which called for a mere yes or no answer, and also that the witness in expressing an opinion was attempting to invade the province of the jury, and that the judge properly excluded same from the jury. In any event, since the jury's verdict was for the defendant, such exclusion could not, under our harmless error statute, 27-116 and 27-117, T.C.A., constitute reversible error. Assignment of Error VII is overruled.

Assignment of Error VIII is that the Court erred in excluding from the reading to the jury of portions of Dr. Gotten's deposition, as follows:

"Did she have a problem at that time? Do you understand Doctor, that one of her daughters had attempted to commit suicide?

"A. Yes. EXCLUDED: But she did not know it. She was not told of it because of her mental condition; that so far as I know—that is my understanding."

For the reasons assigned in overruling Assignment of Error VII, Assignment of Error VIII is also overruled.

█ Assignment of Error IX is that the court erred in excluding from the jury other portions of the deposition of the doctors, as follows:

"Dr. Witherington:

"Q. Was that stay in the hospital during that time made necessary by reason of the fall?

"A. She was admitted to the hospital because of acute back pain. There was some question at the time of exclusion as to the exact cause of the back pain. EXCLUDED, but it was without doubt determined that

it was not due to kidney disease INCLUDED, that it was due to a strain or sprain, so I would have to say that this admission was occasioned by the fall, in my opinion."

The excluded statement was hearsay evidence, being based on alleged findings and statements of another doctor. Assignment of Error IX is overruled.

■ Assignment of Error X complains of the exclusion from the jury, from the deposition of Doctor Witherington, the following:

"EXCLUDED:

"Q. State whether or not that was all incurred as a result of the fall which she had on March 3, 1961?

"MR. KIRKPATRICK: I object to that as leading.

"A. The great majority of it. Could you be more specific? Some of the consultation was brought about by the nervous tension although she was admitted primarily because of pain. As I stated previously, her nervous tension was certainly, I think, made worse by the fall, but it wasn't totally caused by the fall. The amount there, the daily rate there for hospitalization, state whether or not that was incurred as a result of the injury?

"MR. KIRKPATRICK: I object to that as leading.

"A. Yes."

As appears in the quotation, the question was objected to as leading, and the ruling excluding same could be sustained on that ground alone. In addition, the witness being examined had just testified that not all of Mrs. Patterson's hospital expenses were for the accident, and

the question did not distinguish between those related to the accident and those which were not. Also, the treating physician did not admit her to the hospital and did not know of his own knowledge why she was admitted.

In any event, even if erroneous, the error, if it be error, would be harmless under the harmless error statute, 27-116 and 27-117, T.C.A. Assignment of Error X is overruled.

 Assignment of Error XI complains of the exclusion from the jury of part of the deposition of Dr. Witherington, as follows:

"What doctor took care of that?

"A. Dr. Paster. EXCLUDED.

"EXCLUDED: I don't know whether he came here or whether that was a telephone conversation. I believe she was transferred after telephone conversation between Dr. Paster and Dr. Gotten, apparently, and I would have to say that it was all or practically all due to her injury."

The answer excluded was not responsive to the question, was opinion evidence and speculation, which had to be based on hearsay statements. It also contained an opinion which the witness was not competent to give, viz., that of whether or not Mrs. Patterson's psychiatric treatment resulted from the accident, same being out of the field of this witness. In any event, the harmless error statute, sections 27-116 and 27-117 T.C.A. would prevent a reversal. Assignment of Error XI is overruled.

 Assignment of Error XII complains because the trial court excluded from the jury the following testimony from the deposition of Dr. Gotten:

"EXCLUDED: At about that time the patient became very, very depressed, and she wouldn't get out of bed and was weeping and crying and wouldn't talk and you couldn't do anything with her; so; we felt that it had become primarily a psychiatric condition, and we recommended that she be taken to the Gartley-Ramsey Hospital for treatment, which her husband agreed to, and she was, therefore, transferred on or about the 27th of December, 1961 to the Gartley-Ramsey Hospital."

This testimony was not responsive to any question asked the doctor, and was merely volunteered by him. The use of the pronoun "we" was volunteered by him. The use of the pronoun "we" indicates that he was relating another's opinion, which would make the excluded testimony hearsay, and therefore properly excluded as such. In any event, as with reference to other assignments hereinabove referred to, the harmless error statute, sections 27-116 and 27-117, T.C.A. would eliminate any possibility of reversal. Assignment of Error XII is overruled.

For the reasons hereinabove set out, all of plaintiffs' assignments of error will be overruled and the judgment of the lower court will be affirmed.

The costs of the cause will be adjudged against the plaintiffs and their surety on the appeal bond.

Carney, J., and McLemore, Special Judge, concur.

Avery, P.J. (W.S.), not participating.