**Minnie S. JONES, Plaintiff-Appellant,**

v.

**ZAYRE, INC., Defendant-Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Jan. 17, 1980.

Certiorari Denied by Supreme Court April 21, 1980.

Charles P. Dupree, Chattanooga, for plaintiff-appellant.

Donald E. Warner and Joe E. Manuel, with Leitner, Warner, Owens, Moffitt, Williams & Dooley, Chattanooga, for defendant-appellee.

## OPINION

SANDERS, Judge.

Plaintiff has appealed from a directed verdict in her suit for personal injuries received when she fell in Defendant's store.

The Plaintiff-Appellant, Minnie S. Jones, sued the Defendant-Appellee, Zayre, Inc. for personal injuries resulting from a fall when the Plaintiff was a customer in Defendant's store. The Defendant is the owner and operator of a large department store in Chattanooga. The Plaintiff had gone to the Defendant's store to purchase some merchandise. After she had selected the items she desired to purchase she was walking up an aisle on her way to the check-out counter when her feet suddenly slipped from under her and she fell to the floor.

While sitting on the floor, following her fall, she discovered she had stepped on a small plastic clothes clip, which had caused her to fall. As a result of the fall Plaintiff sustained certain personal injuries for which she sued the Defendant. The complaint alleges the Defendant was negligent in not properly maintaining its premises, and Defendant knew or should have known of the dangerous condition of the premises, resulting in her injuries.

The Defendant, in its answer, denied the allegations of the complaint.

A jury was empaneled to try the case but at the conclusion of the Plaintiff's proof the Defendant moved for a directed verdict. The motion was granted and the Plaintiff has appealed, insisting this was error.

It is an often-quoted rule that before directing a verdict it is the duty of the trial court to examine the entire record to determine if there is any evidence to support a verdict and in so doing to consider only the facts proved in support of the party against whom such motion is made. The court shall draw all reasonable inferences from the supporting proof and disregard all countervailing evidence and, after doing this, if there is any competent evidence about which the minds of reasonable men could disagree, it is the duty of the trial court to overrule such motion.

On appeal to this court we are governed by the same rule in passing upon the judgment of the trial court. *D. M. Rose & Co. v. Snyder*, 185 Tenn. 499, 206 S.W.2d 897; *Colonial Baking Co. v. Acquino*, 20 Tenn. App. 695, 103 S.W.2d 613; *Monday v. Millsaps*, 37 Tenn.App. 371, 264 S.W.2d 6, 14; *McMahan v. Tucker*, 31 Tenn.App. 429, 216 S.W.2d 356, 360; *Tennessee Central Ry. Co. v. McCowan*, 28 Tenn.App. 225, 188 S.W.2d 931; *Lowe v. Irvin*, (1963) 52 Tenn.App. 356, 373 S.W.2d 623; *Perry v. United States Fidelity & Guaranty Company*, 49 Tenn. App. 662, 359 S.W.2d 1.

The facts in the case are not in dispute. The plastic clip on which the Plaintiff slipped is made of a clear substance and was about the size of an ordinary conven-

tional paper clip. It is used by the manufacturers of clothing to hold the clothing in place on clothes hangers. Many items of clothing come into Defendant's store with these clips attached and remain on the clothing until it is sold. It appears that in the course of business in the store some of these clips will become detached from the clothes and fall on the floor. The store is swept down twice each day and it is normal to find some of these clips when the floor is swept down. There is no proof as to how long the plastic clip had been on the floor or how it got there. There is no proof the Defendant or its employees knew it was on the floor. There were a number of customers in the store at the time the accident occurred.

Before an owner or operator of premises can be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, it must have (1) been created by the owner or operator or his agent or, (2) if the condition was created by someone other than the owner or operator or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident. *Gargaro v. Kroger Grocery & Baking Co.*, 22 Tenn.App. 70, 118 S.W.2d 561 (1938).

If liability is to be predicated on constructive knowledge by the Defendant, the proof must show the dangerous or defective condition existed for such length of time that the Defendant knew, or in the exercise of ordinary care should have known, of its existence. *Allison v. Blount National Bank*, 54 Tenn.App. 359, 390 S.W.2d 716 (1965).

The owner or operator of a place of business is not an insurer of the safety of its customers but must exercise ordinary care to maintain the premises in a reasonably safe condition. *Patterson v. Kroger Company*, 54 Tenn.App. 243, 389 S.W.2d 283 (1965).

The Plaintiff in the case at bar testified on cross-examination she had no idea how long the plastic clip had been on the floor or how it got there. She stated it could have been dropped by an individual walking immediately in front of her. Since there is no proof in the record in conflict with that of the Plaintiff herself, we think the court properly directed a verdict in favor of the Defendant.

The issues are resolved in favor of the Appellee and the judgment of the trial court is affirmed. The cost of this appeal is taxed to the Appellant.

PARROTT, P. J. (E.S.), and GODDARD, J., concur.