IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

FILED

June 3, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

MICHELLE LYNN DURHAM and
husband ROBERT WAYNE DURHAM,

      Plaintiffs/Appellants,

v.

LUTHER WEBB and wife, SUE WEBB,
individually and d/b/a WEBB'S BRITISH
PETROLEUM STATION and W. PAUL ARNOLD,
individually and d/b/a ARNOLD CONSTRUCTION
COMPANY,

      Defendants/Appellees.

Gibson Circuit No. 7089
C.A. No. 02A01-9502-CV-00033

Hon. Dick Jerman, Jr., Judge

TIMOTHY L. WARNOCK and JOHN B. ENKEMA, Bass, Berry & Sims, Nashville,
Attorneys for Plaintiffs/Appellants.

FLOYD S. FLIPPIN, Adams, Ryal & Flippin, Humboldt
Attorney for Defendants/Appellees Luther Webb and wife, Sue Webb,
individually and d/b/a Webb's British Petroleum Station.

*AFFIRMED*

Opinion Filed:

_____

TOMLIN, Sr. J.

      Michelle Lynn Durham and Robert Wayne Durham ("plaintiffs" or by name)[1]

brought this suit in the Circuit Court of Gibson, County against Luther Webb and

wife Sue Webb, individually and d/b/a Webb's British Petroleum Station

("defendants"),[2] seeking damages for defendant's alleged negligence that

caused plaintiff Michelle Durham to fall in defendant's parking lot, causing injuries.

The trial court granted defendant's motion for summary judgment, from which this

appeal is taken. The sole issue presented is whether the trial court erred in granting

defendant's motion for summary judgment. We find no error and affirm.

_____

[1] Michelle Lynn Durham was the party who fell and was injured. Robert
Wayne Durham's claim for loss of consortium is derivative of hers.

[2] Defendant W. Paul Arnold, individually and d/b/a Arnold Construction
Company, was dismissed from the case with prejudice.

1

On the day of the accident in question, plaintiff stopped at defendant's gas station in Trenton on her way to a doctor's appointment. Prior to plaintiff's arrival in defendant's parking lot, it had been raining for a short while. There was testimony that it had either stopped raining or was raining only slightly at the time of plaintiff's arrival. After parking in front of the door to defendants' convenience store, plaintiff entered for the purpose of buying a carton of milk. After making the purchase, she exited the store and walked down the sidewalk to the pay phone to call her husband. On her way back to the car, she stepped off the sidewalk onto the parking lot and slipped and broke her leg and ankle. This suit followed.

Plaintiff's complaint charged defendants with negligence for failure to exercise reasonable care in maintaining the entrance and parking area of their place of business. Specifically, plaintiffs contend that defendants failed to properly clean the parking lot of oil buildup, alleging that the oil had accumulated in areas where cars normally parked, creating a dangerous, slippery condition. As grounds for its summary judgment, defendants contended that they could not be held liable inasmuch as they had no actual or constructive notice of a dangerous or defective condition in the parking lot prior to the accident. Defendants filed depositions of plaintiffs, defendants, and three employees of defendants in connection with the summary judgment motion. Plaintiffs filed the affidavit of Faye King, a frequent customer of defendants, in response to defendants' motion.

Following the hearing on the summary judgment motion, the trial court entered an order, which read in pertinent part as follows:

Plaintiffs should be given sixty (60) days from September 7, 1994, to file an Affidavit from an expert witness to the effect that the parking lot area where this accident occurred on January 13, 1992 was in an

2

<u>unreasonable and dangerous condition on the date and time of this accident.</u> If said expert Affidavit is filed within sixty (60) days from September 7, 1994, the Court will consider the Affidavit and make its decision on the Motion for Summary Judgment. If the Affidavit is not filed on or before sixty (60) days from September 7, 1994, then said Motion for Summary Judgment will be granted. (emphasis added)

Following the expiration of the sixty (60) day period without plaintiffs having filed an affidavit of an expert addressing the alleged unreasonable and dangerous condition of the property at the time of the accident, the trial court entered an order granting defendants' summary judgment motion.

Before addressing the summary judgment issue itself, we must deal with a secondary issue raised by plaintiffs, who contend that the above-quoted language establishes that the trial court required them to produce an expert witness to testify that the combination of oil and water in the parking lot created a dangerous condition. Plaintiffs further contend that expert testimony was not required on this subject in this state because such information is within the knowledge of ordinary people. Plaintiffs also contend that the trial court was in error in ruling that the affidavit of Faye King, which plaintiffs submitted in response to defendants' motion for summary judgment, was not an expert witness on the subject.

Defendants contend that plaintiffs' characterization of this portion of the trial court's order is in error, and that the thrust of the trial court's ruling was to provide plaintiffs with additional time (sixty (60) days) to attempt to carry their burden of proof as to the existence of a dangerous or defective condition in defendants' parking lot on the day of the accident, and that if such a condition existed, to establish that defendants' had actual or constructive notice of that condition. It is defendants' characterization of this order that if plaintiffs did not avail themselves of this additional time to present such an expert, the court would grant summary

3

judgment to defendants. We agree with defendants' characterization of this order. Although the trial court used the term "expert witness," we are of the opinion that the purpose of the order was to give plaintiffs an additional sixty (60) days to offer proof as to the existence of a dangerous condition on defendants' parking lot at the time of this occurrence. Plaintiffs' contention is without merit, which leaves us with the responsibility of considering the correctness of the trial court's granting of summary judgment to defendants.

No presumption of correctness attaches to decisions granting summary judgments because they involve only questions of law. Thus, on appeal, we must make a fresh determination concerning whether or not requirements of T.R.C.P. 56 have been met. Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn. 1991).

It is appropriate for a trial court to grant summary judgment where (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law. Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993). The moving party bears the burden of demonstrating that no genuine issue of material of fact exists. Id. at 210. In Byrd, the court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial. 'If he does not so respond, summary judgment . . . shall be entered against him.'

Id. at 211 (citations omitted).

A party may also move for summary judgment demonstrating that the

4

opposing party will not be able to produce sufficient evidence at trial to withstand a motion for directed verdict. If, after a sufficient time for discovery has elapsed, the nonmoving party is unable to demonstrate that he or she can indeed do so, summary judgment is appropriate. Id. at 213 (citing Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986)).

In taking our fresh look at the record to determine whether the evidence supports the action of the trial court, we must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. Byrd, 847 S.W.2d at 210-11.

Under the law of this state, the owner or operator of a place of business owes customers a duty

> to exercise reasonable care to keep the premises in a reasonably safe and suitable condition, including the duty of removing or warning against a dangerous condition traceable to persons for whom the proprietor is not responsible . . . . if the circumstances of time and place are such that by the exercise of reasonable care the proprietor should have become aware of such condition.

Simmons v. Sears Roebuck & Co., 713 S.W.2d 640, 641 (Tenn. 1986).

Although a proprietor must maintain the premises of his store in a reasonable and safe condition, he is not an insurer of a customer's safety. Before an owner or operator of premises can be held liable for negligence in allowing a dangerous or defective condition to exist, it must be shown that the condition (1) has been created by the owner, operator or his agent or, (2) if the condition was created by someone other than the owner or operator or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident. Jones v. Zayre, Inc. 600 S.W.2d 730, 732 (Tenn. App. 1980).

5

If liability is to be predicated on constructive knowledge by a defendant, the proof must show the dangerous or defective condition existed for such a length of time that the defendant knew, or in the exercise of ordinary care should have known, of its existence. Id.

In reviewing this record, we find that plaintiffs were unable to establish that plaintiff Michelle Durham actually fell on an oil spot in the parking lot. Plaintiff testified in her deposition that at the time she fell, she never saw an oil spot. She testified that she and her husband saw oil in the parking lot when they came back to inspect the lot a week after the accident.

In addition, two employees of defendants both testified in their depositions that they were unaware of an oil spill in the parking lot at the time of the accident. Dorothy Slaughter, who was responsible for sweeping the parking lot, stated that she had just finished sweeping the parking lot prior to plaintiff's fall. Slaughter testified that there was no oil on the parking lot at that time. Slaughter testified that when she does find oil on the pavement, she applies an absorbent material on the spot to clean it up. Melinda Turner, who had worked as a cashier for defendant for six years, testified that she had never noticed a build up of oil on the parking lot.

The only evidence plaintiffs submitted in response to defendants' motion for summary judgment was the affidavit of Faye King, a frequent customer of defendants' store. King stated that she had observed oil spots in defendants' parking lot on undisclosed prior occasions. However, King's affidavit fails to comply with T.R.C.P. 56.05, which requires that the affiant state that her testimony is based on personal knowledge. T.R.C.P. 56.05. Moreover, King's affidavit does not create a genuine issue of material fact concerning defendants' actual or constructive knowledge of the oil spot at the location where plaintiff fell at the time of the accident.

From reading this record in its entirety, we are of the opinion that there is no

6

genuine issue of material fact as to whether there was oil on the pavement on the date and time of the accident, and in the location where plaintiff fell. Even if plaintiffs could have established the existence of an oil spot, there is no proof in the record creating a genuine issue of material fact as to how long the spot might have been there so as to charge defendants with constructive notice of an oil spot in the location of plaintiff's fall. Plaintiffs' proof does not measure up to the standards applicable to her as a nonmoving party based on the facts defendants presented in support of their motion for summary judgment.

The judgment of the trial court is in all respects affirmed. Costs in this cause on appeal are taxed to plaintiffs, for which execution may issue if necessary.

_____
TOMLIN, Sr. J.

_____
CRAWFORD, P.J.

_____
LILLARD, J.

7