# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

GEORGIA KEYS,                               )
                                            )
    Plaintiff/Appellant,               )  **Shelby Circuit No. 60428 T.D.**
                                            )
VS.                                         )  **Appeal No. 02A01-9605-CV-00113**
                                            )
MEMPHIS CARWASH, INC. d/b/a                 )
MR. PRIDE'S CARWASH,                        )
                                            )
    Defendant/Appellee.                )

FILED

May 15, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

### APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
### AT MEMPHIS, TENNESSEE
### THE HONORABLE KAY S. ROBILIO, JUDGE

**EUGENE C. GAERIG**
Memphis, Tennessee
Attorney for Appellant


**LELAND M. McNABB**
**SHUTTLEWORTH, SMITH, McNABB & WILLIAMS**
Memphis, Tennessee
Attorney for Appellee

**AFFIRMED**

                                                      **ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**HOLLY KIRBY LILLARD, J.**
    In this slip and fall case, Georgia Keys ("Plaintiff") filed suit against Memphis

Carwash, Inc., d/b/a Mr. Pride's Car Wash ("Defendant") for injuries sustained from a fall at Defendant's place of business.  The trial court granted judgment in favor of the Defendant holding that Plaintiff failed to establish the Defendant's negligence.  Plaintiff appeals the judgment of the court below arguing that the trial court erred in holding that the Plaintiff failed to prove the Defendant's negligence and in making an oral ruling in favor of the Defendant at the close of the proof before first making its findings of fact and conclusions of law.  For the reasons stated hereafter, we affirm the judgment of the trial court.

**FACTS**

Sometime between 5:00 and 5:45 p.m. on December 18, 1993, the Plaintiff and her daughter arrived at Defendant's place of business for a car wash.  Attempting to retrieve her car after it had been washed, Plaintiff opened the car door and then slipped, fell and slid under the vehicle.

After Plaintiff's fall, the Defendant's manager, Mr. White, approached the Plaintiff inquiring as to what had happened.  Plaintiff testified that Mr. White said, "My employees know they shouldn't have poured that substance."

Plaintiff claims to have slipped on a dark, slippery substance and contends that she could not have avoided the fall due to the fact that it was getting dark outside, the lighting at Defendant's place of business was poor, and the substance and the asphalt that she fell upon was dark.

At trial, Plaintiff testified that she could not identify the substance that she slipped upon and that she could not show how it had gotten there, the duration that it had been there or who had put it there.

**LAW**

The two issues before this Court are as follows:

1) Whether the trial court erred in holding that the Plaintiff failed to prove the Defendant's negligence; and

2) Whether the trial court erred in rendering its findings of fact and conclusions of law.

Although an owner or operator of a place of business is not an insurer of the safety of the premises, an owner or operator must exercise ordinary care to maintain the premises in a reasonably safe condition. Martin v. Washmaster Auto Center, U.S.A., No. 01-A-01-9605-CV-00242, 1996 LEXIS 799, at *10 (Tenn. Ct. App. Dec. 11, 1996); Smith v. Inman Realty Co., 846 S.W.2d 819, 822 (Tenn. Ct. App. 1992); Jones v. Zayre, Inc., 600 S.W.2d 730, 732 (Tenn. Ct. App. 1980); Patterson v. Kroger Co., 389 S.W.2d 283 (Tenn. Ct. App. 1965). The duty of care owed by a premises owner to an invitee is a duty of reasonable care under all the circumstances. McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995); Eaton v. McLain, 891 S.W.2d 587, 593 (Tenn. 1994). This duty includes the responsibility of either removing or warning against any latent, dangerous condition on the premises of which the owner is aware or should have been aware through the exercise of reasonable diligence. Eaton, 891 S.W.2d at 593-94; Dawson v. Sears, Roebuck & Co., 394 S.W.2d 877 (Tenn. 1965); Chambliss v. Shoney's, Inc., 742 S.W.2d 271 (Tenn. App. 1987); Teal v. E.I. DuPont de Nemours and Co., 728 F.2d 799 (6th Cir. 1984).

In order to prevail in a premises liability action, a plaintiff must show that the dangerous or defective condition (1) was caused or created by the owner, operator or his agent; or, (2) if the condition was created by someone other than the owner, operator or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident. Martin, 1996 LEXIS 799, at *10; Ogle v. Winn-Dixie Greenville, Inc., 919 S.W.2d 45, 47 (Tenn. Ct. App. 1995); Keene v. Cracker Barrel Old Country Store, 853 S.W.2d 501, 503 (Tenn. Ct. App. 1992); Chambliss v. Shoney's, Inc., 742 S.W.2d 271 (Tenn. Ct. App. 1987); Jones, 600 S.W.2d at 732.

3

If liability is predicated upon the constructive knowledge of the defendant, a plaintiff can demonstrate constructive knowledge by showing that the dangerous or defective condition existed for such length of time that the defendant knew, or in the exercise of ordinary care should have known, of its existence. Simmons v. Sears, Roebuck and Co., 713 S.W.2d 640, 641 (Tenn. 1986); Martin, 1996 LEXIS 799, at *10; Jones, 600 S.W.2d at 732. Conversely, a plaintiff can also prove constructive knowledge by showing that the defendant's method of operation created a hazardous situation foreseeably harmful to others. Martin, 1996 LEXIS 799, at *11.

In Chambliss v. Shoney's, Inc., 742 S.W.2d 271 (Tenn. Ct. App. 1987), the plaintiff slipped and fell in a puddle of water in the defendant restaurant's bathroom. Having no proof as to the origin of the water, the plaintiff theorized that the water was tracked in from the snow and slush outside the restaurant. Id. at 273. Although the proof revealed that there were no mats in place for the defendant's customers to clean their feet and that it could have been as long as forty-five minutes since an employee of the defendant made a periodic inspection of the bathroom floor, the trial court directed a verdict in favor of the defendant. Id. at 272. In affirming the trial court's decision, this Court held that the lack of proof as to when and how the pool of water reached the bathroom floor precluded the plaintiff from recovering against the defendant. Id. at 274.

Similarly, in Durham v. Webb, No. 02A01-9502-CV-00033, 1996 WL 298250 (Tenn. Ct. App. June 3, 1996), the plaintiff allegedly slipped and fell on an oil spot in the parking lot at defendant's gas station. Although the plaintiff testified that she saw oil in the same spot where she fell one week after the accident and although a frequent customer of the defendant gas station stated that she had observed oil spots in the parking lot on prior occasions, this Court affirmed the trial court's grant of summary judgment in favor of the defendant, holding that the plaintiff failed to prove that the defendant created the dangerous condition or that the defendant knew or should have known of such condition. Id. at *4.

4

Moreover, in <u>Martin v. Washmaster Auto Center, U.S.A.</u>, No. 01-A-01-9605-CV-00242, 1996 LEXIS 799, at *8 (Tenn. Ct. App. Dec. 11, 1996), a case strikingly similar to the case at bar, the plaintiff slipped and fell on the asphalt at the defendant carwash while attempting to retrieve her car after it had been washed. Offering no proof as to the identity of the substance that caused her fall, Plaintiff testified that the substance she slipped upon was not visible and was "something slippery other than just rainwater or ice water." <u>Id</u>. at *8. Plaintiff stated that she "didn't know" whether what she had slipped on was something dropped by a customer or was something that had originated by an agent of the defendant. <u>Id</u>. In failing to show that the defendant created a hazardous condition or that the defendant had actual or constructive knowledge of the dangerous condition and in failing to introduce proof indicating that slip and fall accidents at the carwash were a common or recurring incident, this Court set aside the jury verdict and granted a judgment in favor of the defendant. <u>Id</u>. at *22.

In the instant case, Plaintiff theorizes that the Defendant, through its agents, servants or employees, created the condition which caused her injury and that, therefore, the Defendant is liable for the acts of its agents, servants or employees and for the resultant injury caused by these acts.

Plaintiff testified that she could not identify the substance that she slipped upon and that she did not know how the substance had gotten there, the duration that it had been there or who had put it there. Plaintiff bases her entire case upon the Defendant's manager's statement made shortly after Plaintiff's fall wherein Defendant's manager stated, "My employees know they shouldn't have poured that substance."

Although a plaintiff is not required to prove the specific slippery substance that caused her fall, a plaintiff must show that the defendant caused the substance upon which she slipped to be on the ground or that the defendant knew or should have known that the slippery substance was present. <u>Martin</u>, 1996 LEXIS 799, *11. In this case the statement by Defendant's manager was susceptible to more than one interpretation. This statement

does not show conclusively that the Defendant or his agents created the dangerous condition which caused Plaintiff's fall or that the Defendant or his agents had knowledge of this condition.

Because Plaintiff did not prove that the Defendant, through its agents, servants or employees, created the dangerous or defective condition, that the Defendant or any of its agents had actual or constructive knowledge of such a condition, or that slip and fall accidents at the Defendant's place of business were a common or recurring incident, the trial court did not err in holding that Plaintiff failed to establish the Defendant's negligence.

Because of our disposition of the foregoing issue, we need not address the remaining issue.

The judgment of the trial court is hereby affirmed. Costs on appeal are taxed to Appellant for which execution may issue if necessary.

_____
HIGHERS, J.


CONCUR:


_____
CRAWFORD, P.J., W.S.


_____
LILLARD, J.