# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## MARY J. JONES v. H. G. HILL REALTY COMPANY

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-97722     Russ Heldman, Judge**

---

**No. M1999-00633-COA-R3-CV - Decided June 29, 2000**

---

Plaintiff sued Defendant for damages resulting from Plaintiff's fall on Defendant's premises. Summary judgment was granted on Defendant's motion.  On appeal Plaintiff challenges the summary judgment grant as well as the trial court's refusal to consider the affidavit of her expert witness submitted in response to Defendant's summary judgment motion.  We affirm the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

CAIN, J., delivered the opinion of the court, in which KOCH, and COTTRELL, JJ., joined.

George E. Copple, Jr., Nashville, Tennessee, for the appellant, Mary J. Jones.

Malcolm L. McCune, Nashville, Tennessee, for the appellee, H. G. Hill Realty Company.

## OPINION

The standard of review is clear in cases concerning a grant of summary judgment.  We review the decision of the trial court *de novo* with no presumption of correctness on appeal.  We view the evidence in the light most favorable to the non-movant, allowing all necessary inferences in her favor and discarding all countervailing evidence, to determine whether a genuine dispute exists as to any material fact.  *See Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993).  If, upon review, a genuine issue exists or if there is doubt as to whether such issue exists, the summary judgment is improper and should be reversed.  *See Evco Corp. v. Ross*, 528 S.W.2d 20, 24 (Tenn. 1975).  In premises liability cases like the one at bar, our supreme court has said, "A summary judgment remains appropriate, for example, where Plaintiff has not produced sufficient evidence to meet the "duty" component, or any other component of a negligence claim, as a matter of law." *Coln v. City of Savannah*, 966 S.W.2d 34, 44 (Tenn. 1998) (citing *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993).  *See also* Tenn. R. Civ. P. 56.04.  Motions for summary judgment should neither be taken lightly nor ignored.  As the rule requires,

When a motion for summary judgment is made and supported as provided in this

rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Tenn. R. Civ. P. 56.06.

The complaint in this case was filed December 19, 1997, and alleged the following:

That on or about December 20, 1996, the Plaintiff, MARY J. JONES, was exiting the H.G. Hills Shopping Center in Brentwood, Tennessee. While descending the stairs between Kinko's and Lee's Pharmacy, Plaintiff became unsteady and reached for the handrail to steady herself. Due to the negligently designed hand rail, sized in such a manner that she was unable to grasp it, Plaintiff, MARY J. JONES, fell violently, sustaining injuries which essentially crushed the left side of her body. Such action occurred as a result of the aforementioned handrail being too large to accommodate the average-size hand.

* * *

Defendant, H.G. HILL REALTY COMPANY, failed to provide handrails at the aforementioned shopping center designed to protect patrons of such shopping center when using stairs between the various stores. Their failure to provide appropriately designed and sized handrails constitutes negligence and a breach of their duty of due care to such persons.

Defendant, H.G. Hill Realty, filed its answer in January of 1998 denying the allegations concerning the negligently sized handrail. After some discovery, H.G. Hill Realty filed for summary judgment. Accompanying that motion were several affidavits which showed that Mrs. Jones, while walking down the stairs in question reached what she thought was the last step. In fact, she had reached the third from the last step of stairs. She then stepped out into thin air. In addition, H.G. Hill Realty presented affidavits to the effect that the handrail, which Mrs. Jones attempted to grasp for support, was constructed with due regard for the building codes at the time of construction. The motion was also accompanied by a statement of undisputed facts and a memorandum of law in support of summary judgment.

Mrs. Jones's response to this motion for summary judgment was accompanied by an affidavit from Plaintiff as well as an affidavit from purported expert Charles Nelson. Mrs. Jones's affidavit reiterated her disorientation and inability to grasp the handrail. Mr. Nelson's affidavit stated in pertinent part that the handrail to which both parties had referred in pleadings and discovery did not fit the "dictionary" definition of a handrail, and thus was in violation of the applicable building code. Mr. Nelson's affidavit also stated that due to the curved shape of the descending stairway, a person who wished to descend steps of uniform width would have to travel without the aid of the handrail while a person who wished to use the handrail would face steps of increasing width. In Plaintiff's Response to Defendant's Rule 56.03 Statement of Material Facts, she admits to having a "history of misjudging" the steps on which she fell. She includes a "Statement of Additional Material Facts

Creating a Genuine Issue For Trial." Using primarily the statements of Mr. Nelson as issues of fact, Mrs. Jones lists the following:

> 1. The steps become increasingly wider as the user descends using the handrail, and this can be confusing to the user.
> 2. The handrail is 3½ inches in diameter and is too large for the fingers of the average human hand to wrap around it and get a good grip. It does not meet the dictionary definition of handrail: "a narrow rail for grasping with the hand as support."
>
> * * *
>
> 4. The defendant H.G. Hill Realty should have anticipated the harm of non-uniform steps and an overly thick handrail.

In reviewing the record in a light most favorable to Mrs. Jones, there seems to be no dispute as to the fact that in her journey down the stairs between Kinko's and Lee's Pharmacy Mrs. Jones became disoriented and started to fall; that she reached for the handrail which, though constructed consistent with the building codes at the time the building was constructed, did not provide her with the support she needed to prevent her fall.

To make out a case for premises liability, a plaintiff must show that the premises owner or operator failed in its duty to maintain the premises in a safe condition or failed to warn of a risk about which it was aware or, through the exercise of due diligence, should have been aware. *See Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1999); *see e.g. Blair v. Campbell*, 924 S.W.2d 75, 76 (Tenn. 1996); *Eaton v. McLain*, 891 S.W.2d 587, 593-94 (Tenn. 1994); *Jones v. Zayre, Inc.*, 600 S.W.2d 730, 732 (Tenn. 1980). Obviously showing negligence in this context requires proof of a dangerous condition created by or apparent to the owner/operator. *See Rice*, 979 S.W.2d at 308; *Chambliss v. Shoney's, Inc.*, 742 S.W.2d 271, 273 (Tenn. Ct. App. 1987).

As the supreme court stated in *Rice*:

> The duty imposed on the premises owner or occupier, however, does not include the responsibility to remove or warn against "conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care." Prosser and Keeton on Torts, supra, § 61 at 426. In this regard, "the mere existence of a defect or danger is generally insufficient to establish liability, unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it." *Id*. at 426-27.

*Rice*, 979 S.W.2d at 309. The record in this case is insufficient to create a jury question as

to the *existence* of a dangerous condition in the premises.[1]

Mrs. Jones argues that the affidavit proffered by Charles Nelson amounts to expert proof supporting her claim. The gist of this affidavit was that despite the absence in the Standard Building Code of specific requirements as to the size of a handrail, the rail in question was overly large and therefore does not meet the "dictionary definition" of a handrail, i.e. "A narrow rail for grasping ... ." It appears to this court that Appellant is attempting to stretch the standards of admissibility of expert proof far beyond that which was contemplated by the supreme court in *McDaniel v. CSX Transp., Inc.*, 955 S.W.2d 257 (Tenn. 1997). The material question of fact, if there is one, is whether the "handrail-stair combination" caused Mrs. Jones's fall. Other than the bare unsupported statements by Mr. Nelson, the whole of his "expert proof" regarding this question is an excerpt from a dictionary equally capable of being read and understood by the most learned engineer or the average lay reader. No study exists in this affidavit to suggest a causal link between the size of the handrail and the injuries in question - - only the assumption that the Standard Building Code's drafters must have changed the design requirements well after the construction of the H.G. Hill building in response to Webster's Dictionary. There is no methodology to support any assertion that the stairs foreseeably led to the disorientation of those who traversed them. As a result, the only proof as to the "duty" of H. G. Hill to warn, i.e. the very nature of the handrail - stair - condition, is pure conjecture. Such conjecture does not become expert proof simply by virtue of the technical expertise of the proponent. This is the very reason why trial courts are accorded the gatekeeper function described in the Tennessee Rules of Evidence and in *McDaniel*. The questions regarding admissibility and competency rest within the sound discretion of the trial court. *McDaniel,* 955 S.W.2d at 264; *see also* Tenn. R. Evid. 702-703. The court specifically found that the affidavit given by Mr. Nelson and proffered by Plaintiff, Mrs. Jones, did not rise to the level of expert proof. Indeed, the ability to read from a dictionary does not amount to expert proof. We find no abuse of discretion in the trial court's exclusion of that testimony.

Plaintiff/Appellant cannot survive a summary judgment in this case under principles established in *Eaton v. McClain*, 891 S.W.2d 587 (Tenn. 1994). Appellant has not shown that appellee "reasonably knew or should have reasonably known of the probability of an occurrence such as the one which caused her injuries." *Eaton v. McClain* at 594. No "duty" exists under the undisputed facts of this case. The trial court correctly granted Defendant's motion for summary judgment.

The action of the trial court, therefore, is affirmed in all respects, and the cause is remanded

---

[1]Inasmuch as we hold for Defendant in Mrs. Jones's second issue on appeal concerning an alleged error on the part of the trial court in refusing to consider the affidavit of Charles Nelson, there is no evidence to show any violation of the attendant standard of care concerning the handrail or stairway.

for such further proceedings as may be necessary. Costs are assigned against Appellant.