IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
OCTOBER 11, 2005 Session

# WANDA BARRON and RONALD BARRON v. LOUISE STEPHENSON d/b/a LOUISE LEARNING TREE

Direct Appeal from the Circuit Court for Shelby County
No. CT-000425-03     Rita L. Stotts, Judge

_____

No. W2004-02906-COA-R3-CV - Filed January 4, 2006

_____

In this appeal, we are called upon to evaluate the trial court's grant of summary judgment to the defendant in a premises liability suit. After reviewing the record, we hold that the plaintiff failed to establish that the defendant owed her a duty of care. Specifically, the plaintiff failed to offer any proof tending to show that the ramp on which she slipped and fell constituted a defective and/or dangerous condition. Accordingly, we affirm the trial court's grant of summary judgment to the defendant.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Erich M. Shultz, Memphis, TN, for Appellant

Kevin D. Bernstein, Memphis, TN, for Appellee

# OPINION

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Wanda Barron (hereinafter "Barron" or "Appellant") began working for the Tennessee Department of Human Services (hereinafter "DHS") in February of 2000. Barron's job duties required her to inspect day care facilities to ensure their compliance with DHS regulations and state law. When she began working for DHS, Barron was assigned the Louise Learning Tree (hereinafter "Learning Tree") day care center operated by Louise Stephenson (hereinafter "Stephenson" or "Appellee") in Memphis, Tennessee. When Stephenson and her husband first began making preparations to open Learning Tree, the facility did not have a handicap ramp permitting access to the building. During the course of preparing the facility for operation as a day care center, a wooden ramp was erected on the side of one of the buildings. On one side of the ramp is a wall, and on the other side of the ramp is a handrail. The edge of the roof extends over the ramp, but the roof does not have rain gutters. During the entire time that Barron has been responsible for inspecting Learning Tree, the ramp has been in place. Between February of 2000 and January of 2002, Barron inspected Learning Tree approximately fifteen to twenty times, and she used the ramp to gain access to the facility during those visits.

On January 24, 2002, Barron arrived at Learning Tree at some point between 7:00 and 8:00 a.m. to conduct a surprise inspection. According to Barron, it rained the day before and it was "foggy" and "misty" on the morning of the inspection. At some point, Barron and Stephenson exited the building and stepped onto the ramp to go to another building. Barron subsequently described the ramp that morning as an uncovered wooden surface that was wet. Stephenson subsequently stated that carpet covered the ramp on the morning of Barron's visit and that the carpet had been in place for the previous three years. When they stepped out onto the ramp, Barron noted that the sun was coming out and the fog had dissipated. While traversing the ramp, Barron did not use the handrail because she had her handbag in one hand and a file folder in the other hand. Other than being damp, Barron stated that she did not see any foreign objects on the ramp and that her view of the ramp was unobstructed. About halfway down the ramp, Barron slipped on the ramp and fell. Barron subsequently stated that, after she fell, she instructed Stephenson to cover the wood. Barron noted that she had no legal basis for instructing Stephenson to cover the wood surface, other than the fact that she had just fallen. After the fall, Barron completed the inspection of Learning Tree.

On January 24, 2003, Barron and her husband filed a complaint against Stephenson in the Circuit Court of Shelby County seeking damages for injuries Barron allegedly sustained from the fall at Learning Tree, which they asserted were "due to [Stephenson's] negligence." Stephenson subsequently filed an answer denying liability and asserting that Barron's injuries were caused by her own negligence. Thereafter the parties engaged in discovery. In response to the interrogatories submitted by Stephenson, Barron supplied the following answers:

> 3. Please identify and describe what caused you to allegedly slip and fall on the property of the defendant.

ANSWER:     A slippery wooden ramp.

. . . .

7.      If you contend that there was a dangerous or hazardous
condition that caused your fall:
a.      Describe the condition in detail;
b.      State its origin and how long said condition had been present
prior to fall;
c.      Which of defendant's employees or agents were aware of said
condition; and
d.      How long, to your knowledge, were any of the defendant's
employees or agents aware of said condition prior to your fall?

ANSWER:     The wet wooden ramp was slippery.  I do not know
how long the ramp had been there, but I am certain that Defendant
knew the ramp was there and that it was not covered or treated so as
to avoid absorbing water and becoming slippery.

At the conclusion of discovery, Stephenson filed a motion for summary judgment and included Barron's deposition in support of her motion.   Barron responded and submitted Stephenson's deposition in support of her response.[1]

On October 11, 2004, the circuit court entered an order granting Stephenson's motion. Barron filed a motion asking the trial court to reconsider the ruling, which the court subsequently denied on November 10, 2004.  Barron filed a timely notice of appeal raising the issue of whether the trial court erred in granting summary judgment to Stephenson.  We affirm the trial court's ruling.

## II.    STANDARD OF REVIEW

The standard utilized by this Court when reviewing a trial court's grant of summary judgment is as follows:

The standards governing an appellate court's review of a
motion for summary judgment are well settled.  Since our inquiry
involves purely a question of law, no presumption of correctness
attaches to the lower court's judgment, and our task is confined to
reviewing the record to determine whether the requirements of
Tennesee Rule of Civil Procedure 56 have been met.  *See Staples v.*

---

[1] The aforementioned discovery materials encompass all of the materials submitted to the trial court for use in ruling on Stephenson's motion for summary judgment.  The pertinent facts taken from these discovery materials are undisputed.

> *CBL & Assoc., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: 1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, and 2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Staples*, 15 S.W.3d at 88.

*Blair v. West Town Mall*, 130 S.W.3d 761, 763–64 (Tenn. 2004).

### III. DISCUSSION

The owner or operator of a place of business is not an insurer of the safety of those frequenting the property. *See Smith v. Inman Realty Co.*, 846 S.W.2d 819, 822 (Tenn. 1992); *Jones v. Zayre, Inc.*, 600 S.W.2d 730, 732 (Tenn. Ct. App. 1980). However, they are required to exercise ordinary care with regard to social guests and business invitees on the premises. *See Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998); *Smith*, 846 S.W.2d at 822; *Jones*, 600 S.W.2d at 732. "It is a well-settled rule of this State that the mere fact that an injury has been sustained never raises a presumption of negligence." *Mullins v. Seaboard Coastline Ry. Co.*, 517 S.W.2d 198, 201 (Tenn. Ct. App. 1974) (citations omitted); *see also Fulton v. Pfizer Hosp. Prods. Group, Inc.*, 872 S.W.2d 908, 911 (Tenn. Ct. App. 1993). As our supreme court has previously noted,

> [n]o claim for negligence can succeed in the absence of any one of the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal cause.

*Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993) (citations omitted).

In premises liability cases, the superior knowledge of the condition of the premises possessed by the owner or operator triggers liability. *See Eaton v. McLain*, 891 S.W.2d 587, 593–94 (Tenn. 1994); *Ogle v. Winn-Dixie Greenville, Inc.*, 919 S.W.2d 45, 46 (Tenn. Ct. App. 1995). Thus, before the owner or operator of the premises may be held liable for negligently allowing a dangerous or defective condition to exist on the premises, the plaintiff must also prove the following:

> 1) the condition was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident.

***Blair***, 130 S.W.3d at 764 (citations omitted); *see also Jones*, 600 S.W.2d at 732. "The duty imposed on the premises owner or occupier, however, does not include the responsibility to remove or warn against 'conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care.'" ***Rice***, 979 S.W.2d at 309 (quoting W. Page Keeton, *Prosser & Keeton on the Law of Torts* § 61, at 426 (5th ed. 1984)).

The party moving for summary judgment may prevail by "affirmatively negat[ing] an essential element of the nonmoving party's claim, i.e., a defendant in a negligence action would be entitled to summary judgment if he convinced the court that he owed no duty to the plaintiff." ***Byrd v. Hall***, 847 S.W.2d 208, 216 n.5 (Tenn. 1993). "The existence or nonexistence of a duty owed to the plaintiff by the defendant is entirely a question of law for the court." ***Bradshaw v. Daniel***, 854 S.W.2d 865, 869 (Tenn. 1993) (citations omitted); *see also **Rice***, 979 S.W.2d at 308. "Summary judgments are proper in virtually any civil case that can be resolved on the basis of legal issues alone." ***Heggs v. Wilson Inn Nashville-Elm Hill, Inc.***, No. M2003-00919-COA-R3-CV, 2005 Tenn. App. LEXIS 535, at *3 (Tenn. Ct. App. Aug. 25, 2005) (citations omitted) (no perm. app. filed).

On appeal, Barron confines her theory of recovery to the contention that Stephenson is liable for her injuries because Stephenson or her agents constructed a defective and/or dangerous ramp. At oral argument, Stephenson conceded that she had the ramp constructed for her business. Yet, Barron does not offer any proof that the ramp, other than being wet after it rained, was defectively constructed so as to create a defective or dangerous condition. In fact, Barron offered the following response to Stephenson's attempt to discover the basis for Barron's assertion that the ramp was defective or dangerous:

> The wet wooden ramp was slippery. I do not know how long the ramp had been there, but I am certain that Defendant knew the ramp was there and that it was not covered or treated so as to avoid absorbing water and becoming slippery.

In her deposition, Barron testified that, on the date of her fall, Stephenson was not required by law or DHS regulations to cover the ramp's wooden surface, there was nothing obstructing her view of the ramp, and there were no foreign objects on the ramp. Over a two-year period, Barron inspected Learning Tree approximately fifteen to twenty times, using the ramp numerous times during those visits. Never once did Barron cite Learning Tree for the ramp's failure to comply with DHS regulations nor did she raise an issue concerning the ramp's failure to comply with applicable building codes. Moreover, Barron did not present any evidence in response to Stephenson's motion for summary judgment asserting that the ramp, as it existed on the date of her accident, violated the applicable building codes.

The facts in this case are closely analogous to the facts in ***Nee v. Big Creek Partners***, 106 S.W.3d 650 (Tenn. Ct. App. 2002). In *Nee*, a premises liability action, the plaintiff was playing golf at the defendant's facility. ***Id.*** at 652. After teeing off on hole number eleven, the plaintiff began

descending a flight of stairs constructed from railroad crossties when he slipped and fell, suffering a broken ankle. *Id.* The plaintiff filed a premises liability action against the defendant asserting that it was negligent in constructing and maintaining the stairs. *Id.* At trial, the plaintiff testified that, upon descending the stairs, he heard a crackling noise as his foot began to slide out from under him. *Id.* He also introduced photographs of the stairs as they existed on the date of his fall. *Id.* At the close of the plaintiff's proof, the defendant moved for a directed verdict[2] arguing that the plaintiff failed to prove that the stairs constituted a dangerous condition. *Id.* The trial court agreed and granted a directed verdict to the defendant. *Id.* The plaintiff appealed that ruling to this Court. *Id.* at 653.

On appeal, the plaintiff argued that, when the photographs and his testimony are given the strongest legitimate view in his favor, they permit the trier-of-fact to make the reasonable inference that the steps were defective and dangerous. *Id.* at 654. In affirming the trial court's entry of a directed verdict, we stated that,

> for an owner or occupier to be found negligent, there must be some evidence that there was a dangerous or defective condition on the premises. A jury cannot conclude that an owner or occupier failed to exercise reasonable care to prevent injury to persons on their property if there is no evidence of a dangerous or defective condition. If no dangerous or defective condition exists, an owner or occupier cannot be held liable for failing to take action in order to remedy the supposed condition.

*Id.* at 653–54. We concluded that the evidence presented by the plaintiff was not sufficient to prove the existence of a defective or dangerous condition. *Id.* at 654. Thus, we held that, "[w]ithout some type of dangerous condition, [the defendant] cannot be found to have breached a duty." *Id.*; *see also Friedenstab v. Short*, 174 S.W.3d 217, ____ , No. M2003-00603-COA-R3-CV, 2004 Tenn. App. LEXIS 346, at *17–18 (Tenn. Ct. App. May 27, 2004) (affirming the trial court's grant of summary judgment to the defendant after finding that plaintiff failed to prove that the defendant owed her a duty when there was no proof of any defect in the stairs on which plaintiff slipped and fell); *Kerver v. Opryland USA, Inc.*, No. 01A01-9309-CV-00421, 1994 Tenn. App. LEXIS 219, at *9–10 (Tenn. Ct. App. Apr. 20, 1994) (upholding a trial court's grant of a directed verdict to the defendant when the plaintiff failed to show that the ramp violated any building code, failed to show that the defendant failed to maintain the ramp, and the record did not contain any proof demonstrating a prior problem with the ramp).

---

[2] "In determining whether or not a genuine issue of material fact exists for purposes of summary judgment, courts in this state have indicated that the question should be considered in the same manner as a motion for directed verdict made at the close of the plaintiff's proof, i.e., the trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Byrd v. Hall*, 847 S.W.2d 208, 210–11 (Tenn. 1993) (citations omitted).

As did the plaintiff in *Nee*, Barron failed to offer any evidence as to what aspect of the ramp, other than it being wet after it rained, constituted a defective or dangerous condition. We hold that Barron failed to prove a necessary element of her negligence action — the existence of a duty on the part of Stephenson. Accordingly, we affirm the trial court's grant of summary judgment to Stephenson.

## IV. CONCLUSION

For the aforementioned reasons, we affirm the trial court's grant of summary judgment to the Appellee in this case. Costs of this appeal are to be taxed to the Appellant, Wanda Barron, and her surety, for which execution may issue if necessary.

 

_____

ALAN E. HIGHERS, JUDGE